70 So.2d 573 (1954)
CARPINETA
v.
SHIELDS.
Supreme Court of Florida. Special Division A.
February 23, 1954.
Turner, Hendrick & Fascell, Coral Gables, for petitioner.
Kessler & Gars, Miami, for respondent.
SEBRING, Justice.
This is a certiorari proceeding to review an order of the Circuit Court of Dade County wherein said court reversed on appeal a summary judgment rendered by the Civil Court of Record for Dade County.
The facts of the case are simple: The respondent, Shields, instituted suit in the Civil Court of Record for Dade County for the recovery of a real estate commission. In due course the petitioner, Carpineta, filed his answer to the complaint. After the depositions of both parties and several witnesses had been taken, Shields moved for a summary judgment in his favor, and called up the motion for hearing. At the conclusion of the hearing the court found that there was no genuine issue as to any material fact, and that Carpineta, the defendant below, was entitled to a judgment as a matter of law.
Shields then appealed to the Circuit Court for Dade County assigning as ground for the reversal of the judgment entered in favor of Carpineta, that the summary judgment was entered in favor of the defendant on the court's own motion without a formal motion therefor having been made by the defendant.
Upon the appeal the circuit court reversed the judgment of the civil court of record for the reason that the defendant "made no formal motion for Summary Judgment in his favor, but that said Summary Judgment was entered at the volition of the Court below * * * and * * * that to enter a Summary Judgment for Defendant, when he has not requested same, at the conclusion of a hearing on Plaintiff's Motion for Summary Judgment, is error. * * *"
It is upon this sole issue that we are asked to quash the order of the Circuit Court for Dade County.
*574 30 F.S.A. Rule 43, Florida Common Law Rules, deals with the entry of summary judgments in common law cases in this jurisdiction. It provides that:
"The judgment sought shall be rendered forthwith if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."
Rule 43 is identical with Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. While there are no Florida cases in point, the majority rule, in respect to Federal Rule 56 is stated in Hennessey v. Federal Security Adm'r, D.C., 88 F. Supp. 664, 668, wherein it is said: "There is no practical need for the mere mechanics of a cross-motion here where there can be no prejudice to the opposing party. * * * Absent any specific interdiction by Rule 56 (c), and in accordance with the purpose of the rule to expedite the disposition of actions where there is no genuine issue as to material fact, I conclude that the Court can properly enter a judgment in favor of the [party] who is entitled to it." See also Hooker v. New York Life Insurance Co., D.C.N.D.Ill. 1946, 66 F. Supp. 313, reversed on other grounds, 7 Cir., 161 F.2d 852; Northland Greyhound Lines, Inc. v. Amalgamated Ass'n of Street, Electric Railway and Motor Coach Employees of America, D.C.Minn. 1946, 66 F. Supp. 431; American Auto Insurance Company v. Indemnity Insurance Company of North America, D.C.E.D.Pa. 1952, 108 F. Supp. 221; St. Louis Fire & Marine Insurance Company v. Witney, D.C.Pa. 1951, 96 F. Supp. 555.
We are of the opinion that what is said in the above cited case should be adopted as the interpretation to be placed upon Florida Rule 43. For there can be no sound reason why, when one party has moved for a summary judgment, the court, in the absence of a timely and meritorious objection, cannot dispose of the whole matter by granting a judgment to either party if it finds that the facts as properly construed against the prevailing party show that he is entitled to a summary final judgment as a matter of law, even though it may be better practice to file a cross-motion.
For the reasons stated, the judgment of the Circuit Court for Dade County should be quashed with directions that an appropriate order be entered in conformance with this opinion.
It is so ordered.
TERRELL, Acting C.J., and MATHEWS and BUFORD, JJ., concur.