CARROLL, Judge.
Appellants, who were the defendants below, appeal from a summary final decree which foreclosed a second mortgage on their property. On consideration of the pleadings and certain evidentiary matter submitted by the plaintiff the trial court held there was no genuine issue of material fact and that plaintiff was entitled to a final decree of foreclosure as a matter of law. We conclude the chancellor was eminently correct in finding an absence of genuine fact issue, but was in error in holding plaintiff entitled to foreclosure.
The plaintiff was the mortgagee L & L Investors, Inc. The complaint alleged that the mortgage had been given to the plaintiff corporation by'F & G Construction Company on the 14th of November, 1958, to secure an indebtedness from the latter to the former, then alleged the obligations thereunder and default in payment, and prayed for foreclosure. The complaint did not reveal the factual background, the prior ownership of defendants or the nature of the transaction by which the property came into the hands of F & G Construction Company. The only allegations in the complaint relating to the defendants were as to their ages, places of residence and their ownership following the final deed to them by Lipsitz and Levin. The defendants answered. They contended therein that the mortgage sought to be foreclosed was invalid for want of title in the mortgagor.
On the proceeding for summary final decree certain material facts were disclosed, including the following. The defendants, two negro women, owned four unimproved lots in Liberty City, in Miami. One Con-stanz DeStefano undertook to construct a 20-unit apartment house thereon for them. *745 His proposition to them was that they should convey their property to him, and after the building was constructed the property would be returned to them. Neither the price for which the building was to be constructed nor the actual cost thereof was established on the record. Defendants conveyed the property to De-Stefano’s corporation, F & G Construction Company. That corporation then mortgaged the property for $60,000 to L & L Investors, Inc. Thereafter, during construction, on November 13, 1958, DeStef-ano’s corporation, F & G Construction Company, conveyed appellants’ property to Simon Lipsitz and Moshe Levin, the owners of L & L Investors, Inc., which held the first mortgage of $60,000. On the next day, when F & G Construction Company no longer held title to the property, that corporation purported to mortgage the property by executing to the holder of the first mortgage, L & L Investors, Inc., this second mortgage in the principal amount of $44,000, later revised to $41,500. Several months thereafter the individuals Lipsitz and Levin reconveyed the improved property to the appellants Lillian S. King and Isabelle S. Blue by deed reciting that the conveyance was made subject to those two mortgages. The defendants’ answering claim of invalidity of the second mortgage was substantiated by the showing on the record that the mortgagor had divested itself of title before the mortgage was given, and did not acquire any title to the property thereafter through that transaction or otherwise. See Bright v. Buckman, C.C.N.D.Fla.1889, 39 F. 243; 36 Am.Jur., Mortgages, § 32; 59 C.J.S. Mortgages § 72; 22 Fla.Jur., Mortgages, § 24. See also Jones on Mortgages, § 190 (8th ed. 1938); 3 Powell, The Law of Real Property, ¶ 443 (1952); 9 Thompson on Real Property, § 4697 (1958 ed.). Osborne, in his work on Mortgages, § 94, adopts the language of In re Bennett, 115 Minn. 342, 350, 132 N.W. 309, 312, 37 L.R.A.,N.S., 521, as follows:
“ * * * It is elementary that any interest in real estate which may be sold or assigned may be mortgaged; and, conversely, that some estate or interest capable of being mortgaged, held by the mortgagor, is essential to the existence of a mortgage. When a transaction constitutes a mortgage, therefore, there must be, either, independently of the transaction, some interest in the mortgagor capable of being mortgaged, or through the transaction itself such interest must be acquired by the mortgagor. * * * ”
Nothing occurred to remove the adverse effect of these disclosures on the plaintiff’s case. The plaintiff did not seek reformation, and no basis for reformation was established. On the application for summary decree plaintiff sought to avoid the difficulty by contending that there was a “typographical error and a scrivener’s error,” a contention not supported and actually refuted by the record showing of incapacity of the mortgagor for want of title.
Appellee contends, however, that appellants were estopped to assert the invalidity of the mortgage because the property was reconveyed to them subject to the mortgage.[1] That rule as it may be applied to a purchaser when the mortgage subject to which he takes is part of the purchase price, was not applicable in the instant case because these grantees were not purchasers. As pointed out by their counsel, the appellants were the owners from the outset, and were the equitable owners while the property was held by DeStefano’s corporation. When the property was returned to appellants, they reacquired it subject to any valid outstanding mortgage thereon, but not subject to an invalid mortgage. The authorities relied on by appellee on the estoppel contention are inapplicable because of those different facts, and the appellants were in *746 no wise estopped to assert, as they did, the invalidity of the mortgage which was evident on the face of the documents involved. Therefore, on the showing made on the motion for summary final decree the plaintiff was not entitled to foreclosure as a matter of law, but defendants were shown to be entitled to a decree in their favor, and summary final decree of dismissal should have been granted for the defendants. See Carpineta v. Shields, Fla. 1954, 70 So.2d 573, 48 A.L.R.2d 1185.
For the reasons stated, the judgment appealed from is reversed and the cause is remanded with directions to enter summary final decree for defendants dismissing the complaint.
Reversed and remanded.

. See Spinney v. Winter Park Building & Loan Ass’n, 120 Fla. 453, 162 So. 899; Zimmerman v. Hill, Fla.App.1958, 100 So. 2d 432.