164 So.2d 525 (1964)
JOHN K. BRENNAN COMPANY, a corporation, Appellant,
v.
CENTRAL BANK & TRUST COMPANY, a corporation, et al., Appellees.
No. 4273.
District Court of Appeal of Florida. Second District.
May 13, 1964.
Rehearing Denied June 11, 1964.
*526 P.J. Brannen, Jr., Boca Raton, for appellant.
Victor Vallecorsa, Boca Raton, for appellees.
BARNS, PAUL D., Associate Judge.
The real parties in interest in this suit appear to be HOWARD T. KEATING SALES COMPANY, a corporation, the vendor, and JOHN K. BRENNAN COMPANY, a corporation, the vendee. Hereafter they will be referred to as "KEATING" and "BRENNAN." The vendor-Keating's complaint seeks specific performance of an option to repurchase against Brennan, the vendee defendant. The complaint claims damages of $31,000.00 in event specific performance is not granted.
To the complaint, the defendant filed a motion to dismiss and a motion for a summary final decree. The lower court denied both motions and, on its own initiative, rendered an interlocutory summary decree against the defendant and in favor of the non-moving plaintiff "on the issue of liability." The defendant had not answered and it was not in default. From this decree, the defendant appeals. We find error and reverse.
The appellee's complaint alleges that pursuant to its acceptance of an offer to buy, the plaintiff-appellee Keating, for a consideration of $45,000.00, conveyed certain real estate to Brennan; the offer by Brennan, which was accepted by Keating, contained certain mutual rights and executory obligations between the vendor and the vendee to be performed or exercised after the closing of the sale; and $10,000.00 of the purchase price was placed in escrow.
The Keating complaint states that as part of the consideration Brennan covenanted and agreed to use the island area of the property for a private club; that construction of the club facilities was to commence not later than thirty (30) days after completion of certain work by the plaintiff as set forth in the offer and acceptance "agreement"; that "Completion of said work was to be certified by Brockway, Weber and Brockway, Engineers Incorporated"; and that if Brennan failed to commence construction of the club within said thirty (30) days period, then Keating would, for thirty (30) days thereafter, have the right to purchase the island area for $5,000.00.
The complaint further alleges that Brennan was notified by Keating of the completion of the work by letter dated November 30, 1962, enclosing a certificate of completion *527 by the engineers, and of their intention to exercise their rights to purchase in event Brennan failed to commence construction of the club within the next thirty (30) days; that construction of the club was not so commenced and that Keating notified Brennan within the ensuing thirty (30) days of its election to repurchase; and, that Brennan has failed to reconvey as per terms of the agreement.
The affidavit in support of defendant-Brennan's motion for a summary final decree, after reciting the terms of the agreement relating to the completion, notice from the engineers, and terms relating to club house construction and repurchase, states that the completion of the work, as certified by the engineer's letter on September 18, 1962, to Keating, was actually completed early in September and all the parties had actual knowledge of the completion as certified by the engineer's letter and that the thirty (30) days for commencement of the club house started on September 18, 1962, causing the option to repurchase to expire, November 17, 1962, before it was exercised.
It is not shown that Brennan received a copy of the engineer's letter before the written notice from Keating to Brennan dated November 30, 1962, notifying Brennan of the completion of the work and calling on Brennan to commence construction of the club house facilities and of its intention to exercise its right to repurchase in event of Brennan's default, which lends support to the position that the thirty (30) days commenced to run from November 30, 1962, and not September 18, 1962. The engineer's certificate is not clearly unequivocal.
Considering the foregoing recitations, the lower court did not err in denying appellant's motion for a summary judgment. In passing on a motion for summary judgment it is no part of the court's function to decide issues of fact but solely to determine whether there is a genuine issue of a material fact. All doubts as to the existence of a material fact must be resolved against the party moving for a summary judgment or decree. A motion for summary judgment raises only a question of law and if there is any question or doubt of a material fact shown, the motion should not be granted. Meadows v. Edwards, 82 So.2d 733. To entitle a movant to a summary final decree, he must affirmatively show the absence of a genuine issue of any material fact and that he is entitled to a summary decree in his favor under the applicable substantive law; the movant-appellant failed to meet this two-fold test.
In denying appellant's motion for a summary decree, the lower court found that there was a showing that the thirty (30) day period for commencement of construction of the club house by the defendant-appellant Brennan started to run upon receipt of the letter from Keating enclosing the engineer's certificate of completion and on such basis, the court, on its own initiative:
Ordered and decreed that the plaintiffs be, and they are hereby granted a Summary decree in their favor as against the defendant John K. Brennan Company, a Florida Corporation, on the issue of liability of said company.
The foregoing order decreeing liability of the defendant was before answer by the defendant and in the absence of a ten-day notice by Keating of hearing of a motion for summary decree as prescribed by Rule 1.36(c), Rules of Civil Procedure, 30 F.S.A. It was in favor of a non-moving party and against the moving party.
In support of the lower court's interlocutory decree as to liability, the appellee contends that since appellant initially made its motion for summary decree in the lower court without filing an answer, (1) it cannot on appeal take the position that there were any genuine issues at to a material fact to be decided by the lower *528 court; i.e., that such motion conceded the absence of genuine issue as to any material fact; and (2) that the lower court was justified in entering the decree against the moving defendant upon the authority of Carpienta v. Shields, 1954, 70 So.2d 573, 48 A.L.R.2d 1185.
A party making a motion for a summary judgment or decree concedes that there is no genuine issue as to a material fact, but such concession is only for the purposes of the motion, and such concession does not carry over to be used against the movant to the benefit or advantage of his adversary. Rule 1.36, Rules of Civil Procedure, is an adoption of Rule 56, Federal Rules of Civil Procedure. Relative to the federal rule 6 Moore's Federal Procedure, 2nd ed., Sec. 56.13, p. 2094, states:
"(3). Concessions which a party may make for the purpose of his motion do not carry over and support the cross-motion of his adversary. This doctrine has been ably set forth by Judge Miller of the Sixth Circuit in Begnaud v. White [170 F.2d 323], where the court held that there was a genuine factual issue as to whether the defendant was equitably estopped to assert the statute of limitations and, accordingly, the district court had erred in granting defendant's motion for summary judgment. He stated:
"`The fact that both parties make motions for summary judgment, and each contends in support of his respective motion that no genuine issue of fact exists, does not require the court to rule that no fact issue exists. Each, in support of his own motion, may be willing to concede certain contentions of his opponent, which concession, however, is only for the purpose of the pending motion. If the motion is overruled, the concession is no longer effective. Appellants' concession that no genuine issue of fact existed was made in support of its own motion for summary judgment. We do not think that the concession continues over into the court's separate consideration of appellee's motion for summary judgment in his behalf after appellants' motion was overruled.'
"Similarly, concessions which a party makes by moving for judgment on the pleadings do not carry over and support the adversary's motion for summary judgment. These principles do not preclude the parties from concurring or agreeing that there is no genuine issue of material fact in dispute; and in this event the case is ripe for summary judgment.
"Where, then, it is clear that there is no dispute as to the facts, which would justify judgment for one of the parties, the court may properly sustain his motion, including an oral motion made at the hearing; and, even in the absence of a formal motion, may grant summary judgment to a party when it is clear what the facts are and his adversary has had a fair opportunity to dispute them. On the other hand, if it is not clearly established that there is no dispute as to the facts which would justify judgment for one of the parties, then the court may not properly grant him judgment, even though each side has moved for summary judgment in its favor. * * *"
May the court in disposing of a motion for a summary judgment or decree grant one for a non-moving party? The answer is: "yes, sometimes." Carpienta v. Shields, supra, is a case involving an action for a real estate commission. After the defendant had answered and after depositions of the parties and witnesses had been taken, plaintiff-Shields moved for a summary judgment in his favor. At the conclusion of the hearing in the Civil Court of Record, the judge found there was no genuine issue as to any material fact and of his own initiative entered a judgment for the non-moving defendant. This judgment *529 was reversed on appeal to the circuit court because of the want of a motion by the defendant. On certiorari the circuit court judgment of reversal was quashed by the Supreme Court on authority of Hennessey v. Federal Security Adm'r., D.C., 88 F. Supp. 664, 668, quoting from it as follows:
"There is no practical need for the mere mechanics of a cross-motion here where there can be no prejudice to the opposite party. * * *"
Tripp v. May, 7 Cir., 189 F.2d 198, involved an appeal from a summary judgment entered against the defendant, the moving party, at a hearing on the defendant's motion for a summary judgment in his favor. The opinion of the court of appeals, citing the Hennessey case, supra, states:
"Defendants' first contention is that it was error for the court to entertain and rule on plaintiff's oral cross motion for summary judgment advanced at the time of hearing on defendants' motion, without the requisite ten days' notice. However, as we view the record presented we are not convinced that that fairly describes the court's disposition of this cause. While the hearing was described as `on the motion of defendants for a summary judgment,' it appears to be a fair inference from the record that the court and the parties at that time treated it as final and as presenting everything which could be presented in the determination of the issues of the cause. * * *
"Defendants admit that they made no objection to the alleged procedural defect now asserted, either following the hearing or in their statement of points for appeal, but explain that they were unaware of it, supposing that the rule was as stated in the case, Hooker v. N.Y. Life Ins. Co., D.C., 66 F. Supp. 313. It is true that there has been some conflict of decision on the question. The problem is discussed in 3 Barron and Holtzoff, § 1239:
"`This rule (Fed.Rules Civ.Proc. Rule 56, 28 U.S.C.A.) makes no specific provision for a case in which the opposing party, and not the moving party, is entitled to summary judgment. Several cases have held that since the purpose of this procedure is to expedite the disposition of cases, a summary judgment may be rendered against the party moving for judgment and in favor of the opposing party although the latter has made no cross motion for judgment. Other cases have held that such a judgment may not be entered in the absence of a cross motion and have withheld disposition of the motion to allow a cross motion to be made. * * * In considering the principles discussed in this section, it should be kept in mind that a party moving for summary judgment concedes the absence of a factual issue only for the purpose of his motion. For example, a defendant who moves for a summary judgment on the ground that the claim is barred by limitations may contend that there is no issue of fact as to this defense, but if this defense is held ineffective as a matter of law, he may still contend that there is an issue of fact as to his liability on the claim asserted against him.'
"* * * * * *
"Considering the judgment as a summary one entered on plaintiff's oral motion without notice, we think that under the circumstances disclosed by this record there was no procedural defect in such disposition of the cause. See Hennessey v. Federal Security Administrator, D.C., 88 F. Supp. 664, 668.
"We find a further reason for approving the entry of a judgment on the *530 record presented. In the instant case the attorney for defendants, in addressing the trial judge, said: `We can't offer anything further on the trial of this case. There is not any dispute as to the facts.' And, as suggested in 3 Barron and Holtzoff, § 1239: `In a nonjury case if both parties move for summary judgment and the court finds that there are issues of fact but that the facts have been fully developed at the hearing on the motions, the court may proceed to decide the factual issues and give judgment on the merits. This of course amounts to a trial of the case and is not technically a disposition by a summary judgment.' * * *"
Due process requires that before a summary judgment is authorized to be entered against a non-moving party, it must be shown that he has had a full and fair opportunity to meet the proposition that there is no genuine issue of a material fact and that the party for whom the summary judgment is rendered or ordered to be entered is entitled thereto as a matter of law. 6 Moore's Federal Practice, 2nd ed., Sec. 56.12, p. 2089. This principle governs the trial courts and likewise governs the appellate courts. Fountain v. Filson, 1949, 336 U.S. 681, 69 S.Ct. 754, 93 L.Ed. 971, 12 FR Serv. 56c. 54 Case 2 in reversing a court of appeals which directed the lower court to enter a judgment for a non-moving party, states:
"* * * For here the order was made on appeal on a new issue as to which the opposite party had no opportunity to present a defense before the trial court. In Globe Liquor Co. v. San Roman, 1948, 332 U.S. 571, 68 S.Ct. 246 [92 L.Ed. 177], and Cone v. West Virginia Pulp & Paper Co., 1947, 330 U.S. 212, 67 S.Ct. 752, 91 L.Ed. 849 we held that judgment notwithstanding the verdict could not be given in the Court of Appeals in favor of a party who had lost in the trial court and who had not there moved for such relief. One of the reasons for so holding was that otherwise the party who had won in the trial court would be deprived of any opportunity to remedy the defect which the appellate court discovered in his case. He would have had such an opportunity if a proper motion had been made by his opponent in the trial court. The same principle interdicts, a fortiori, the appellate court order for summary judgment here. * * * When the Court of Appeals concluded that the trial court should have considered a claim for personal judgment it was error for it to deprive Mrs. Fountain of an opportunity to dispute the facts material to that claim by ordering summary judgment against her."
In the absence of other controlling factors, Rule 1.36(b), Rules of Civil Procedure, like Rule 56, Federal Rules of Civil Procedure, requires that a summary judgment be entered against a party only after an opportunity to be heard on ten days written notice of the application for the judgment. Rule 1.36(a) and (b), supra, permits a party to move for a summary judgment "in his favor" and he appears at the hearing on his motion before the court in support of his own motion and not to meet a like but non-noticed and unserved motion of his adversary. Babb v. Lincoln Auto Finance Co., Fla.App. 1961, 133 So.2d 566; Sequoia Union High School Dist. v. United States, 9 Cir., 245 F.2d 227.
Since it is apparent that the order as to liability of the defendant was not after a full and fair opportunity to meet the question of its liability on the contract the decree is reversed.
SMITH, C.J., and SHANNON, J., concur.