176 So.2d 384 (1965)
CITY OF PINELLAS PARK, a municipal corporation, Appellant,
v.
CROSS-STATE UTILITIES CO., a Florida corporation, Appellee.
No. 5010.
District Court of Appeal of Florida. Second District.
June 3, 1965.
Rehearing Denied June 28, 1965.
*385 Robert W. Holman, Pinellas Park, for appellant.
Howard Ross, of Parker, Parker & Battaglia, St. Petersburg, for appellee.
SMITH, Chief Judge.
The appellant city was the defendant below in a suit in equity brought by the appellee Cross-State for a declaratory decree and to enjoin the city from expanding its water and sewer facilities into an area in which Cross-State alleged it had an exclusive contract to provide such services. Cross-State claimed such a franchise by virtue of contract between itself and Pinellas County. Since the contract was made the City of Pinellas Park has annexed certain properties within the area of the alleged exclusive franchise and has undertaken to supply water and sewer service both within and outside of the corporate limits of the city.
The defendant city answered and moved for a summary judgment. The plaintiff Cross-State made no motion for a summary judgment in its favor and supporting affidavits were filed by both sides. In its answer the city denied it had infringed upon or was contemplating infringing upon Cross-State's rights under the contract. As defenses the city alleged that (1) Cross-State's franchise was exclusive only as to areas where it had undertaken and completed utility services; (2) that the contract in question is not exclusive of the right of the city to furnish the same service in an area extending five miles from its corporate limits. The city, through interrogatories, sought a list of all utility lines of Cross-State which were located within 300 feet of lines of the city. Cross-State *386 answered that it was unable to answer because it lacked data on the location of the city's lines.
The court entered a summary judgment in favor of nonmoving plaintiff, Cross-State, and entered an order entitled "Findings of Fact and Conclusions of Law" to the effect that Fla.Stats. § 153.62(11), F.S.A., and Chapter 29442, Laws of Florida, Acts of 1953, granted the county the power to contract with Cross-State for water and sewer service. The order also recited that Cross-State's rights were exclusive within the area and that the city's activities were infringing thereupon. The city had not plead lack of statutory authority in the county to make the contract in question as a defense.
Upon oral argument on the merits the appellee raised for the first time what it conceived to be a question as to this court's jurisdiction. This contention is based on the fact that in its notice of appeal the city recites that it appeals from a decree recorded on page 121 of the official record book whereas in fact this page contains only the findings of fact and conclusions of law of the court and the final decree actually appears three pages later on page 123. We do not construe this obvious scrivener's error as being fatal to our jurisdiction. The form and content of the notice of appeal should be liberally construed in the interest of manifest justice and if it gives the adverse party and the court information by which the appealed decree can be discovered in the record with a reasonable degree of certainty it should be held sufficient. State ex rel. Reichard v. Smith, Fla. 1965, 177 So.2d 340 (opinion filed April 21, 1965). The notice of appeal is sufficient to give this court jurisdiction to review the final decree recorded on page 123.
The court erred in entering a summary decree for either or both of two reasons. (1) The record reveals a defense which was not plead and (2) there exists a material issue of fact which precluded a summary judgement.
The cause was heard on the city's motion for summary judgment and Cross-State opposed the motion but made no motion in its own behalf. While there are circumstanecs under which the court may grant a summary judgment to a non-moving party,[1] it must always be borne in mind that this procedure is contrary to Fla.R.Civ. Pro. 1.36, 30 F.S.A.,[2] and that it is better practice to require a motion by the successful party.[3] The reason for this rule is exemplified by the result reached in the case we consider. The city did not plead as a defense lack of statutory authority in the county to contract with Cross-State for the exclusive franchise. However, the record reveals that the court made a specific finding of the existence of such authority. Now, upon appeal, the city contends a lack of such authority and Cross-State asserts the question was not raised at the hearing and thus should be ignored on appeal. Therefore, the record reveals a defense not plead nor argued. In such circumstances summary judgment should be denied and leave to amend granted. Curley v. Finest Homes, Inc., Fla.App. 1964, 167 So.2d 739.
There also existed a material issue of fact in the proofs offered on the motion for summary judgment. The affidavit of the city recited there were no city sewer or water lines in any of the area described in Cross-State's contract which were immediately adjacent to any existing lines of Cross-State. Cross-State's affidavit alleged *387 just the opposite as being the case. The parties have two views as to the exclusive nature of the contract and the instrument itself contains language ambiguous enough to lend itself to both views. There is a question as to whether Cross-State's contract was exclusive in the area only as to services already installed and operating or whether it was exclusive in the area even though Cross-State was not rendering services in some parts thereof.
These issues should not have been resolved by a summary judgment and it is reversed for further proceedings.
ANDREWS and KANNER (Ret.), JJ., concur.
NOTES
[1] Carpineta v. Shields, Fla. 1954, 70 So.2d 573, 48 A.L.R.2d 1185; King v. L. & L. Investors, Inc., Fla.App. 1961, 133 So.2d 744
[2] John K. Brennan Co. v. Central Bank & Trust Co., Fla.App. 1964, 164 So.2d 525.
[3] See Carpineta v. Shields, note 1, supra.