203 So.2d 665 (1967)
Wilma Irene GREER, Appellant,
v.
John R. WORKMAN and Geneva Workman, Appellees.
No. 1050.
District Court of Appeal of Florida. Fourth District.
November 2, 1967.
*666 William H. Roundtree, Cocoa, for appellant.
Jon E. Johnson, Eau Gallie, of Howell, Kirby, Montgomery, Sands & D'Aiuto, Rockledge, for appellees.
BARNS, PAUL D., Associate Judge.
This is an appeal from a final summary judgment of dismissal entered for the defendants against the plaintiff. The hearing was on plaintiff's motion for summary judgment, but the judgment entered was for the non-moving parties, the defendants. We find error and reverse.
The complaint of Wilma Irene Greer is against John R. Workman and his wife, Geneva Workman, and alleges injuries to Greer on June 8, 1963, because of the negligent driving of an automobile by their minor son, John Theron Workman (hereinafter referred to as "Theron"). The complaint alleges that the automobile driven by Theron was owned by his father, John R. Workman, and was being then driven by Theron with the knowledge, permission and authority of his father, a co-defendant with his wife in this action.
The complaint further alleges:
"That at the aforesaid time and place, said John Theron Workman was legally operating said Ford automobile under a Florida Operator's license obtained for him by virtue of the assumption of civil liability on the part of the defendants, by signing his application for an operator's license pursuant to the provisions of Section 322.09, Florida Statutes, F.S.A. John Theron Workman was born on August 13, 1946."
The answer of the defendants denies the allegations of the complaint and further pleads contributory negligence on the part of the plaintiff, as a defense.

PLAINTIFF'S SUMMARY JUDGMENT MOTION
The matter submitted outside of the pleadings in support of plaintiff's motion for summary final judgment was an affidavit of plaintiff's attorney, the substance of which affidavit was in a paragraph as follows:
"4. That the Defendants are the natural parents of John Theron Workman. The Defendants each executed the application for their said child's Florida operators license, thus assuming their said child's civil liability arising out of his operation of any motor vehicle pursuant *667 to the provisions of Section 322.09, Florida Statutes. Before said child's eighteenth birthday and at a time when he was operating a motor vehicle upon the public highways of the State of Florida, and while his said operator's license acquired by virtue of the application therefor executed by the Defendants was in full force and legal effect, said child negligently and carelessly operated a motor vehicle which collided with a car occupied by the Plaintiff and thereby proximately caused her severe personal injuries. A judgment in the sum of $36,400.00 was obtained by Plaintiff against Defendants' said child as a result of his said negligence in the case of WILMA IRENE GREER, Plaintiff, vs. JOHN THERON WORKMAN, Defendant, In the Circuit Court, in and for Brevard County, Florida, Law Number 6532, on January 21, 1964, and there remains unsatisfied the principal sum of $25,000.00 on said judgment."
to which the defendants filed no counter-affidavit.
Rule 1.36(e), Rules of Civil Procedure (now Rule 1.510(e)), 31 F.S.A., relating to affidavits used in support or opposition of motions for summary judgments states:
"(e) Form of Affidavits; Further Testimony. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. * * *"
It is clear from the language of this rule that such affidavits in order to be of any efficacy for summary judgment motions must be made "on personal knowledge" of the affiant as to "such facts as would be admissible in evidence." It is clear that this affidavit states no evidential facts but only conclusions of ultimate facts or hearsay evidence not within the exceptions to the hearsay rule; and as to the court records, it is not the best evidence. Hence, such affidavit fails to meet the requirement of the rule that the affidavit "shall show affirmatively that affiant is competent to testify" to such matters. Furthermore, the affidavit makes reference to the ultimate facts shown by court records which are not attached to the affidavit. The rule specifies that "Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith". This was not done.
The defendants came forward with nothing affirmative in opposition to plaintiff's motion. Rule 1.36(e), supra, is adopted from Rule 56(e), Federal Rules of Civil Procedure, which federal rule was amended in 1963, but the federal courts hold that the amendment introduced no change which would require the party opposing the summary judgment to come forward in any way when the movant has failed to show the paper issues to be sham. As stated in Brunswick Corporation v. Vineberg, 5th Cir.1967, 370 F.2d 605, 612:
"* * * `A party opposing summary judgment need not come forward in any way if the moving party has not supported his motion to the point of showing that the issue is sham. The amendment introduces no change here.' Kaplan, Amendments to the Federal Rules of Civil Procedure 1961  1963 (II), 77 Harvard L.Rev., 801, 827 (1964); 6 Moore, Federal Practice, § 56.22 [2], p. 2821 (2d ed. 1965)."
See also Holl v. Talcott, Fla. 1966, 191 So.2d 40.
Even assuming, arguendo, the affidavit in support of plaintiff's motion to have been sufficient as to substance and form, it has not been made to affirmatively appear that matters adjudicated in the suit against the minor son are conclusive on the defendants. Cromwell v. County of Sac, 1876, 94 U.S. 351, 24 L.Ed. 195. Furthermore, *668 even though it appears that the son and the parents (at least the father) may have been sued jointly, they were not joint tort-feasors. Under such circumstances, joinder is permitted because of a common liability between the actual wrongdoer and one vicariously liable for the actor's tort. They may be jointly liable even though not joint tort-feasors. Parties jointly and severally liable may be sued jointly or they may be sued severally.

SUMMARY JUDGMENT FOR NON-MOVING PARTY
In this case the appellant-plaintiff went to a hearing to support her own motion for a summary final judgment in her favor and not to meet a non-noticed unserved motion of her adversary, and the record supports no waiver or futility of the need of the twenty-day notice requirement. Under these circumstances, the holding in John K. Brennan Company v. Central Bank & Trust Company, Fla.App. 1964, 164 So.2d 525, controls, viz.,
"In the absence of other controlling factors, Rule 1.36(b), Rules of Civil Procedure, like Rule 56, Federal Rules of Civil Procedure, requires that a summary judgment be entered against a party only after an opportunity to be heard on ten days written notice of the application for the judgment. Rule 1.36(a) and (b), supra, permits a party to move for a summary judgment `in his favor' and he appears at the hearing on his motion before the court in support of his own motion and not to meet a like but non-noticed and unserved motion of his adversary. Babb v. Lincoln Auto Finance Co., Fla. App. 1961, 133 So.2d 566; Sequoia Union High School Dist. v. United States, 9 Cir., 245 F.2d 227.
"Since it is apparent that the order as to liability of the defendant was not after a full and fair opportunity to meet the question of its liability on the contract the decree is reversed."
The order denying appellant's motion for summary final judgment is affirmed, and the summary final judgment dismissing plaintiff's action is reversed.
Reversed.
WALDEN, C.J., concurs.
CROSS, J., concurs specially, with opinion.
CROSS, Judge (concurring specially).
I concur as to the conclusion but on a factor decisively different from that expressed in the opinion as I am not in agreement with the reasons stated for reversing the summary judgment granted to the non-moving party. The reversal appears to be on the basis that the notice requirement of Rule 1.510(c),[1] formerly Rule 1.36(c), was not complied with in that the plaintiff went to a hearing to support her own motion for a final summary judgment in her favor and not to meet a non-noticed unserved motion of her adversary.
Moore, in discussing federal rule 56 referring to summary judgment for a non-moving party, indicates that the court may without motion grant to a non-moving party summary judgment if the court finds upon hearing motion for summary judgment by *669 a moving party that as a matter of law the non-moving party is entitled to judgment. The federal cases are overwhelmingly in support of the position taken by Moore in his treatise. 6 Moore's Federal Practice, 2d ed., § 56.12, p. 2241.
The Supreme Court of Florida in referring to federal rule 56 in Carpineta v. Shields, Fla. 1954, 70 So.2d 573, 48 A.L.R.2d 1185, stated:
"* * * For there can be no sound reason why, when one party has moved for a summary judgment, the court, in the absence of a timely and meritorious objection, cannot dispose of the whole matter by granting a judgment to either party if it finds that the facts as properly construed against the prevailing party show that he is entitled to a summary final judgment as a matter of law, even though it may be better practice to file a cross-motion."
The following cases are in support of Carpineta: Phillippi Creek Homes, Inc. v. Arnold, Fla.App. 1965, 174 So.2d 552; Nat Harrison Associates, Inc. v. Florida Power & Light Company, Fla.App. 1964, 162 So.2d 298; King v. L & L Investors, Inc., Fla. App. 1961, 133 So.2d 744; Castner v. Ziemer, Fla.App. 1959, 113 So.2d 263.
In passing on a motion for summary judgment it is no part of the court's function to decide issues of fact but solely to determine whether there is a genuine issue of a material fact. All doubts as to the existence of a material fact must be resolved against the party moving for a summary judgment. A motion for summary judgment raises only a question of law, and if there is any question or doubt of a material fact shown the motion should not be granted. To entitle a movant to a summary judgment, he must conclusively show the absence of a genuine issue of any material fact and that he is entitled to a summary judgment in his favor under the applicable substantive law. Lab v. Hall, Fla.App. 1967, 200 So.2d 556; Central Investments, Inc. v. Old Southern Golf Utility Corp., Fla.App. 1967, 197 So.2d 17; Leaks v. Adeimy, Fla.App. 1967, 195 So.2d 47; Warring v. Winn-Dixie Stores, Fla. App. 1958, 105 So.2d 915. 30 Fla.Jur., Summary Judgment, § 9 (1960).
The record fails to negate material issues of fact precluding summary judgment. It is for this reason that I would deny summary judgment to plaintiff. On the same basis I would reverse the summary judgment granted by the lower court to the defendant, the non-moving party.
NOTES
[1] F.R.C.P. 1.510. SUMMARY JUDGMENT.

"(c) Motion and Proceedings Thereon. The motion shall be served at least twenty days before the time fixed for the hearing. The adverse party may serve opposing affidavits prior to the day of hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."