SHARP, Judge.
Prince appeals from a final summary judgment which denied him both equitable relief and damages for the encroachment of his neighbors’ (the McLaughlins’) dock on his riparian rights. We reverse because we think the record shows there were genuine issues of material fact regarding damages, which were improperly determined by summary judgment.
The record established that Prince and the McLaughlins were neighbors with abutting river-front lots on the St. Johns River. The trial court found that the McLaughlins’ dock, which was built largely in front of Prince’s lot, did encroach on Prince’s riparian rights. The only survey in the record clearly supports this finding.
The record shows only one motion for summary judgment filed by Prince on March 9, 1981. The court withheld ruling on this motion until all of the depositions were filed, and the parties filed memoranda of law with the court. The issue before us is whether a summary judgment for the McLaughlins can be sustained on this record.[1] It is clear the court relied solely upon memoranda and depositions. No testimony was taken, and the record does not indicate Prince waived his right to trial on any issues of material fact.
Although we think the court could have determined on the basis of this record, by summary judgment, that Prince was not entitled to equitable relief, it was improper' at this stage to find that Prince suffered no damages. Prince estimated his damages at thirty-five thousand dollars ($35,000.00) and the McLaughlins’ property appraiser estimated Prince’s damages at two thousand dollars ($2,000.00). There was an issue of material fact as to damages, which on remand should be determined by a jury, assuming Prince so requested and preserved his right to trial by jury, or by the court as a trier of fact.
REVERSED AND REMANDED.
COWART, J., concurs.
DAUKSCH, J., concurs specially with opinion.

. Carpineta v. Shields, 70 So.2d 573 (Fla.1954); Opler v. Wynne, 402 So.2d 1309, 1311 n. 1 (Fla. sel DCA 1981).