HERSEY, Judge.
Appellants, Maccarone, appeal a final judgment entered in a mechanics’ lien action awarding to appellee, Rinker, $60.60 in damages, $91.50 court costs and $150.00 in attorney’s fees. The issue on appeal is whether the underlying transaction was exempt from the Mechanics’ Lien Law.
In 1982 appellants entered into an oral contract with one Bob Strunk to perform concrete slab work on property owned by appellants for a price of $1,102.82. Appellants intended eventually to build a home on the property. Upon completion of the slab work, Strunk was paid in full by appellants.
Rinker supplied concrete for the price of $860.60. Rinker was not paid by Strunk. In 1983 Rinker instituted proceedings to foreclose its mechanics’ lien. Notice to Owner and Claim of Lien had been timely filed. An $800 payment was made prior to trial (apparently by Strunk), leaving a balance due of $60.60. Rinker continued the litigation, demanding costs and attorney’s fees.
Appellants’ sole defense was that their property is exempt from Part I of the Mechanics’ Lien Statute pursuant to Section 713.02(5), Florida Statutes (1983), since the contract price was for less than $2,500, and Section 713.05 permits recovery only if the owner is in privity with the materialman. Rinker responds that the exemption for contracts less than $2,500 relates to additions to existing structures rather than to the construction of entire structures.
The trial court held that the exemption was not applicable to this case, and thus found in favor of Rinker.
Section 713.02(5), Florida Statutes (1983), provides that “[a]ny improvement for which the contract price is $2,500 or less shall be exempt from all other provisions of this part I [relating to mechanics’ liens] except the provisions of s. 713.05 [relating to liens of persons in privity].” An “improvement” means “any building, structure, construction, demolition, excavation, landscaping, or any part thereof existing, built, erected, placed, made, or done on land or other real property for its permanent benefit.” § 713.01(8), Fla.Stat. (1983) (emphasis added). “ ‘Contract price’ means the amount agreed upon by the contracting parties for performing all labor and services and furnishing all materials covered by their contract_” § 713.01(3), Fla.Stat. (1983). We find no cases interpreting this provision. However, we consider the following persuasive:
Prior to October 1, 1978, an owner’s property was exempt from mechanics’ liens of non-privity lienors where repair or remodeling improvements were made. This is because § 713.02(5) (1977) provided an exemption where an improvement was made to an existing improvement costing $500.00 or less.
In 1978, the Florida legislature amended the exemption contained in § 713.-02(5). § 713.02(5) eliminated the phrase “to an existing improvement.” Presently, any improvement within the monetary limits of § 713.02(5) is exempt from liens of non-privity lienors, even though it is independent of existing improvements.
2 Florida Mechanics’ Lien Manual § 23.-01(B)(1) (emphasis added and footnote omitted). See also, Note, Mechanics’ Lien, 33 U.Miami L.Rev. 1103 (1979).
The obvious purpose of the exemption is to protect the property owner in small *511 transactions from liens accruing to the benefit of individuals with whom he has had no contact. Under such circumstances the materialman or subcontractor is in a much better position to protect his own interest than is the property owner who probably knows nothing about mechanics’ liens. Thus, we accept appellants’ position. The concrete slab work was for a contract price less than $2,500. Moreover, appellants and Rinker are not in privity. Therefore, appellants’ property is exempt from the mechanics’ lien law.
Because Section 713.02(5), Florida Statutes (1983) unambiguously exempts appellants’ property from Rinker’s claim of lien, the final judgment of the trial court is reversed and the cause remanded for the determination of a reasonable attorney’s fee to be awarded appellants, the prevailing parties below and on this appeal.
REVERSED AND REMANDED.
GLICKSTEIN and DELL, JJ., concur.