COWART, Judge.
This case involves a mechanics’ claim of lien filed untimely by a contractor in privity with the owners where the contract price was less than $2,500.
Pursuant to a direct contract between the parties in which'the contract price was less than $2,500, appellant, as contractor, made improvements to the home of the appellees, as owners. More than 90 days after the final furnishing of all labor, services and materials, the contractor filed a claim of lien and thereafter filed this action to foreclose the claimed mechanics’ lien. The owners admitted that the contractor had filed a claim of lien but pointed out that the claim of lien was not filed within the 90 day period required by section 713.-08(5), Florida Statutes. The contractor moved for summary judgment. The trial judge denied the contractor’s motion for summary judgment and dismissed the case finding that the undisputed facts established that no cause of action existed based upon a mechanics’ lien theory. The contractor appeals.
Chapter 713, Part I, Florida Statutes, provides for mechanics’ liens.
Section 713.02(5) provides
(5) Any improvement for which the direct contract price is $2,500 or less shall be exempt from all other provisions of this part I except the provisions of s. 713.05.
Section 713.05 relating to liens of mechanic lienors in privity provides in part that:
... a contractor who complies with the provisions of part I shall ... have a lien.... No lien under this section shall be acquired until a claim of lien is recorded. [Emphasis added.]
Section 713.08 provides that
[f]or the purpose of perfecting his lien under part I, every lienor, including laborers and persons in privity, shall record a claim of lien.... [Emphasis added].
This statute goes on to specify the contents required in the claim of lien and, in section 713.08(5), provides that the claim of lien must be recorded “not later than 90 days after the final furnishing of the labor or services or materials by the lienor.”
The contractor admits that under section 713.05 he is required to file a claim *932 of lien although he has a direct contract and is in privity with the owners, but he asserts that because section 713.02(5) states that any such improvement shall be exempt from all provisions of part I except 713.05 he is not required to file his claim of lien within the 90 day period provided for in section 713.08(5). We do not agree. The portions of the statutes emphasized above indicate that the claim of lien of lienors in privity must be filed within the 90 day period provided for in section 713.08(5) even when the direct contract price is $2,500 or less. Section 713.02(5) provides that when the direct contract price is $2,500 or less, the improvement is exempt from the mechanics' liens law except as to the liens of lienors in privity provided by section 713.05; it does not provide that the lienor is exempt from complying with other statutory requirements for perfecting his lien including the requirements of section 713.08(5) which requires such a claim of lien to be timely filed.[1]
Although this case was disposed of in favor of the owners upon the contractor’s motion for summary judgment and the owners had filed no motion for summary judgment, no motion for judgment on the pleadings, and no motions to dismiss the complaint, the trial court’s action was correct because the court may grant a summary judgment in favor of a non-moving party if it appears that there is no genuine issue of any material fact and that the non -moving party is entitled to a judgment as a matter of law.[2] Here the contractor’s motion for summary judgment put in issue the question of whether or not as a matter of fact, the contractor’s claim of lien was timely filed and the question as to whether or not, as a matter of law, it was required to be timely filed. When the trial court found that there was no genuine issue but that, as a matter of fact, the contractor’s claim of lien was untimely filed and that, as a matter of law, it was required to be timely filed, the trial court was authorized to enter a judgment for the owners and dismissal of the contractor’s action is a proper judgment in favor of the defendant-owners.
AFFIRMED.
DANIEL, C.J., and W. SHARP, J., concur.

. Cf. Maccorone v. Rinker Materials Corp., 453 So.2d 509 (Fla. 4th DCA 1984); see also, 2 Florida Mechanics’ Lien Manual, § 23.01(B)(1).

. See Carpineta v. Shields, 70 So.2d 573 (Fla.1954). See also Prince v. McLaughlin, 431 So.2d 276 (Fla. 5th DCA 1983); Trawick Florida Practice and Procedure, § 25-6, "Summary Judgment Procedure", n. 8 (1989), Annotation, Summary Judgment Against Movant, 48 A.L.R.2d 1188 (1956); Comment, Procedure: Summary Judgment for Nonmoving Party, 7 U.Fla.L.Rev. 335 (1954).