DAVIS, Judge.
John R. and Edna Manfrin challenge the circuit court’s order denying their motion for summary judgment and granting summary judgment in favor of Auto Owners Insurance Company (Auto Owners). The Manfrins argue that the trial court erred in the following three ways: by granting Auto Owners summary judgment relief when Auto Owners did not file a motion for summary judgment, by entering summary judgment when there remained genuine issues of material fact, and by failing to exempt the Manfrins from the exclusionary clause of the policy because it did not recognize their status as “innocent co-insureds.” We find no merit in the first and third arguments; however, because there exists a genuine issue of material fact, we reverse.
The Manfrins and their adult son, John W. Manfrin, were the named insureds on a mobile homeowner’s insurance policy issued by Auto Owners. Only the Manfrins’ son resided on the insured property. On April 24, 1996, a fire destroyed the mobile home, and the Manfrins and their son filed a claim on the policy. Auto Owners denied coverage, maintaining that the fire was the result of arson committed by John W. Manfrin and thus came within the terms of the exclusionary clause. The Manfrins and their son brought suit requesting coverage.
The State Attorney’s office subsequently charged John W. Manfrin with criminal mischief. He entered a pretrial intervention agreement, a condition of which was that he withdraw his claim against Auto Owners. The Manfrins, however, continued to pursue their claim and moved for summary judgment. The trial court denied their motion but granted affirmative relief to Auto Owners, even though Auto Owners had not sought summary judgment relief. The trial court found that there was no genuine issue of material fact to be resolved and that the evidence showed that John W. Manfrin had started the fire. Thus, the trial court determined, Auto Owners properly denied coverage and was entitled to a final judgment as a matter of law. We do not agree.
While a trial court may, under certain circumstance, enter summary judgment in favor of a nonmoving party (City of Pinellas Park v. Cross-State Utils. Co., 176 So.2d 384, 386 (Fla. 2d DCA 1965)), summary judgment is not appropriate unless the record demonstrates that there is no genuine issue as to any material fact and that the party is entitled to the judgment as a matter of law. Snyder v. Cheezem Dev. Corp., 373 So.2d 719 (Fla. 2d DCA 1979). Here, the evidence before the trial court was inconclusive as to who started the fire. Although Auto Owners filed the deposition testimony of a fire investigator who concluded that the fire was the result of arson committed by John W. Manfrin, the trial court also had before it John R. Manfrin’s affidavit, which stated that he believed the fire was accidental. These conflicting opinions created a genuine issue of material fact to be resolved by the jury. Accordingly, we reverse the trial court’s *975 summary judgment and remand this case to the trial court for further proceedings consistent with this opinion.
Reversed and remanded.
THREADGILL, A.C.J., Concurs.
NORTHCUTT, J., Concurs specially.