NORTHCUTT, Judge,
Concurring.
I agree that the summary judgment must be reversed, but for reasons that differ slightly from those of my colleagues. First, I conclude that it was error to grant summary judgment to Auto Owners without motion or notice. Although there is authority for the proposition that a summary judgment may be awarded to a non-moving party, the circumstances in which such would be permissible are rare. Certainly, no party may properly suffer a summary judgment if it has not had a meaningful opportunity to rebut the asserted factual or legal basis for the judgment. See John K. Brennan Co. v. Cent. Bank & Trust Co., 164 So.2d 525, 530 (Fla. 2d DCA 1964).
Here, the Manfrins moved for summary judgment on the ground that they were innocent co-insureds who had no involvement in the alleged arson. Their motion did not implicate the question whether their son committed the arson, and Auto Owners did not move for summary judgment on that or any other basis. Consequently, prior to the summary judgment hearing the Manfrins were never notified that they were obliged to submit proof on that issue. For this reason, granting summary judgment to Auto Owners on that theory violated the Manfrins’ right to due process. John K. Brennan, 164 So.2d 525.
Second, I would not reverse on the ground that the sworn submissions created an issue of material fact as to whether the Manfrins’ son intentionally started the fire. Rather, I would reverse because the record contains no proof that he did so. As the majority mentions, Auto Owners submitted the deposition testimony of a fire investigator who opined that John W. Manfrin had set the fire. The investigator, a deputy state fire marshal, recounted that he had arrested the younger Manfrin based on his conclusion that there was probable cause to believe he had committed the arson. Thus, the record contained nothing more than evidence of the investigator’s belief. It did not contain proof that he was correct.