SCHWARTZ, Senior Judge
(dissenting).
I believe that the trial judge was substantively correct in concluding that, beyond the “slightest doubt,” see Goloubev v. Palm West Home Builders, Inc., 39 So.3d 522, 522 (Fla. 5th DCA 2010); Briggs v. Jupiter Hills Lighthouse Marina, 9 So.3d 29, 31 (Fla. 4th DCA 2009); Franco v. Miami-Dade Cnty., 947 So.2d 512, 515 (Fla. 3d DCA 2006), the appellees were entitled to summary judgment as a matter of law and that the judgment below was procedurally authorized under the line of cases which permits summary judgment for the non-moving party. See Carpineta *1055 v. Shields, 70 So.2d 573, 574 (Fla.1954); R & L Constr., Inc. v. Cullen, 557 So.2d 931 (Fla. 5th DCA 1990); Opler v. Wynne, 402 So.2d 1309, 1311 n. 1 (Fla. 3d DCA 1981); Glatstein v. City of Miami, 399 So.2d 1005, 1009 n. 4 (Fla. 3d DCA 1981); King v. L & L Investors, Inc., 133 So.2d 744 (Fla. 3d DCA 1961).
I would affirm.