297 So.2d 44 (1974)
The JOCKEY CLUB, INC., a Florida Corporation, Appellant,
v.
Alf H. BLAKE, Tax Assessor of Metropolitan Dade County, Florida, et al., Appellees.
No. 73-1567.
District Court of Appeal of Florida, Third District.
June 26, 1974.
Rehearing Denied July 15, 1974.
*45 Patton, Kanner, Nadeau, Segal, Stobs & Zeller, Miami, for appellant.
Stuart L. Simon, County Atty., and Jon I. Gordon, Asst. County Atty., for appellees.
Before PEARSON, CARROLL and HAVERFIELD, JJ.
PER CURIAM.
The plaintiff, The Jockey Club, Inc., appeals a summary final judgment for the appellee, Dade County Tax Assessor, which determined adversely to the appellant its suit to declare invalid the back assessment of its property by the defendant. The summary judgment was entered upon the ore tenus motion of the defendant. We reverse.
The appellant upon receiving a copy of defendants' answer filed a motion for which we find no authority in the rules. The motion recited, "The plaintiff, Jockey Club, Inc., moves the court for the entry of a summary judgment on the pleadings on the grounds that there is no genuine issue of law." It is apparent from argument before this court that the appellant now regards this motion as one for judgment on the pleadings. Nevertheless, it was entitled "Motion for Summary Judgment" and the court appears to have regarded it as such in that it recited in its final judgment that the cause arose upon the plaintiff's motion for summary judgment.
After a hearing on plaintiff's motion, the court denied the motion but granted defendants' oral motion for a summary judgment in their favor. It is apparent that the plaintiff did not have an opportunity to defend against defendants' motion by the presentation of evidentiary facts which may have been relevant to such a defense. While there are circumstances under which the court may grant a summary judgment to a non-moving party, it must always be held in mind that this procedure is contrary to the rules and that it is better practice to require a motion by the successful party. See Carpineta v. Shields, Fla. 1954, 70 So.2d 573; John K. Brennan Co. v. Central Bank & Trust Co., Fla.App. 1964, 164 So.2d 525.
We are mindful of the fact that where appellate courts can decide cases upon their merits rather than upon procedural points, they should do so in order to shorten litigation. However, under the procedural stance of this case in the trial court at the time of plaintiff's motion, we are not sure that it was not deprived of substantive rights by the ruling of the court upon the ore tenus motion. It is apparent that plaintiff anticipated only a ruling on the sufficiency of the answer to raise a defense to the allegations of the complaint. Faced with the ruling of the court that the answer is sufficient, the *46 plaintiff may wish to add factual matters which may be relevant to the right of the County to collect the tax assessed.
Reversed and remanded for further proceedings.