597 So.2d 429 (1992)
FIRST UNION NATIONAL BANK OF FLORIDA, Appellant,
v.
Robin D. MAURER and Randy Maurer, Appellees.
No. 91-01989.
District Court of Appeal of Florida, Second District.
April 24, 1992.
*430 Thomas K. Sciarrino, Jr. of Kass Hodges, P.A., Tampa, for appellant.
No appearance for appellees.
CURRY, CHARLES B., Associate Judge.
First Union National Bank of Florida (First Union) appeals the dismissal of its complaint against appellees Robin and Randy Maurer. We reverse.
In 1987 the appellees bought an automobile, financing the purchase through First Union. The security agreement contains an acceleration clause. It appears the car was stolen and/or damaged beyond repair at some point during the life of the note. A settlement was reached with the insurer for approximately $7300. Appellees thereafter failed or refused to pay the balance due on the note, prompting First Union's complaint.
Initially appellees were represented by an attorney who, instead of submitting an answer and affirmative defenses, moved to dismiss the complaint. Before the motion to dismiss could be heard counsel was permitted to withdraw based on "irreconcilable differences." Robin Maurer then filed a pro se answer. First Union moved for summary judgment and Maurer responded with an unsworn document captioned "testimony for hearing." Maurer did not appear at the hearing on First Union's motion. Nevertheless, the trial court entered an "order denying deficiency judgment" which also dismissed First Union's complaint with prejudice.
In effect, the trial court granted summary judgment for a non-moving party. While a court is not wholly without authority to do that, the better practice is to require a timely motion. City of Pinellas Park v. Cross-State Utilities Co., 176 So.2d 384 (Fla. 2d DCA), cert. denied, 183 So.2d 214 (Fla. 1965). Under the circumstances of the present case, First Union could not reasonably have anticipated dismissal of its complaint as a possible outcome of the hearing. Accordingly, such a disposition of First Union's complaint was improper. See, e.g., John K. Brennan Co. v. Central Bank & Trust Co., 164 So.2d 525 (Fla. 2d DCA 1964); Jockey Club, Inc. v. Blake, 297 So.2d 44 (Fla.3d DCA 1974).
First Union further argues that it is entitled to summary judgment. To a limited extent we agree. The motion and supporting exhibits clearly establish Maurer's breach of the note. Although Maurer's pro se answer may have attempted to raise *431 material issues of fact, partial summary judgment for First Union would have been appropriate since its pleadings were not countered by competent evidence. Roberts v. Stokley, 388 So.2d 1267 (Fla. 2d DCA 1980), rev. denied, 394 So.2d 1153 (Fla. 1981). The trial court's disposition is not necessarily inconsistent with this conclusion. Implicit in the term "deficiency judgment" is a finding that liability was not an issue in the case. See Weiner v. American Petrofina Marketing, Inc., 482 So.2d 1362 (Fla. 1986); Ford Motor Credit Co. v. Jones, 584 So.2d 205 (Fla. 2d DCA 1991). Instead, the wording of the final order indicates the court was not satisfied that First Union had proven its entitlement to additional money damages above and beyond the amount of the insurance settlement.
In support of its claim to additional compensation First Union attached a bank officer's affidavit. We have examined this affidavit and are not persuaded that the trial court erred in finding it insufficient on its face. Having reached that conclusion, however, the proper course for the trial court would have been to deny First Union's motion and set the case for trial on the issue of damages, rather than dismiss the complaint. Daniel Laurent, Inc. v. Coral Television Corp., 431 So.2d 1047 (Fla. 3d DCA 1983).
Reversed.
FRANK, A.C.J. and THREADGILL, J., concur.