PER CURIAM.
This is an appeal from a final order determining appellant to be ineligible for Aid to Families With Dependent Children (“AFDC") assistance. Appellant argues that appellee erred in determining her to be *1169 ineligible for AFDC assistance due to the receipt of a lump sum insurance payment for a granddaughter. We agree and reverse.
Prior to the action under appeal, appellant was a recipient of AFDC assistance for her five grandchildren who live in her home. In October 1990, appellant’s granddaughter, thirteen-year-old Wander Scott, was injured in an automobile accident. In July 1991, appellant was appointed by the Marion County Circuit Court as guardian of the person and property of Wander Scott. In August 1991, appellant settled her claim on behalf of Wander Scott with ITT Hartford Insurance Co. for $50,000. After medical expenses and attorney’s fees were deducted, Wander Scott received $16,-423.42. HRS notified appellant in December 1991 that her benefits were being can-celled effective January 1992, and that she was ineligible for AFDC benefits for twelve months beginning August 1991, the month she received the insurance settlement on behalf of Wander.
At appellant’s request, a hearing was held before an HRS hearing officer in February 1992. At the hearing, an HRS officer testified that when calculating a household’s AFDC eligibility HRS includes the money available to all the siblings in the same household. Appellant testified that she understood when she was appointed guardian of the settlement funds that the money was only to be used for Wander and that she would be personally liable for settlement funds used for any other purpose. The hearing officer concluded in his order that under the applicable regulations, HRS correctly included the settlement proceeds in determining the eligibility of appellant’s entire family group for AFDC assistance. He further concluded HRS correctly computed the ineligibility period and correctly cancelled appellant’s AFDC assistance effective January 1992.
The pertinent provisions of the Florida Administrative Code implementing the AFDC program in Florida state that in considering the need for an AFDC grant HRS shall take into account the income of “[a]ny child ... whose needs are included in the grant,” including “[t]he sibling living in the home of the child for whom assistance is requested.” Fla.Admin.Code Rule 10C-1.101(l)(a), (b) (1991). But appellant notes the regulations defining assets, state, in part:
(5) Assets not accessible to the child, parent or relative due to legal restrictions or factors beyond their control are considered unavailable provided the legal restrictions were not induced or created by the parent or relative. Department legal staff determine availability of assets with legal restrictions.
Fla.Admin.Code Rule 10C-1.099(5) (1991). Appellant argues that there were “legal restrictions” placed upon the settlement proceeds such that the funds should not have been considered available by HRS for benefits eligibility calculation because the settlement documents for Wander’s claim did not authorize her to use the funds for the other four grandchildren in her home.
In Ziegler v. Dept. of Health & Rehabilitative Servs., 601 So.2d 1280, 1283 (Fla. 1st DCA 1992), the court held that in determining an applicant’s income and resources, trust funds are not available for the purposes of AFDC eligibility where those funds are encumbered with court-created legal restrictions and can not be disbursed except upon court order. Ziegler at 1281-82. In the instant case, the court order and the guardianship statutes prohibit appellant’s use of the funds for anyone other than Wander.
We believe that, as in Ziegler, the settlement proceeds from an accident claim of a minor dependent placed in trust for that minor are not, at law, available for the use of the family unit. The appellant’s position is correct. If she were to use the injured minor’s award for the benefit of herself and her other grandchildren, she would violate both her oath as guardian and the law.
While HRS might be justified in reducing the amount of assistance under the Aid to Families with Dependent Children program by not including Wander Scott in the unit, it appears unconscionable to withhold otherwise eligible aid to the remaining family unit. To do so would force appellant either *1170 to violate her oath by using one child’s trust money to support the family unit or to watching the remaining family unit suffer the consequences of reduced support.
There is a difference between the unencumbered child support payments paid to the mother (or father) to be used generally for the benefit of the child and an award to compensate the child for personal injuries set aside in a special trust fund under the supervision of the court.
The trust fund in this case is “encumbered with court-created legal restrictions” and Ziegler is controlling.
REVERSED.
DAUKSCH and COWART and HARRIS, JJ., concur.