BARKDULL, Judge.
Appellant, University of Miami (hereafter “UM”) appeals a summary final judgment in favor of appellee Gloria Sosa, as personal representative of the estate of Edwin Garcia, deceased.
Edwin Garcia was treated at Jackson Memorial Hospital’s Burn Intensive Care Unit from December 23, 1988, until his death on January 25, 1989. Throughout the time of treatment, Jackson Memorial Hospital (hereafter JMH) was operated, maintained and governed by the Public Health Trust of Dade County (hereafter PHT). An agreement between PHT and UM provided that PHT would pay UM for medical services, care and treatment furnished by UM to PHT.
On July 25, 1989, Sosa instituted a wrongful death action on behalf of the minor daughter of the deceased, against a third party not material to this action. A settlement of that action was approved which provided for payment of a $195,000 lien in favor of PHT. The settlement provided no payment to UM for physician services.
UM filed an action against Sosa as personal representative to recover physieians’s fees from the estate of the deceased. Appellant then motioned for summary judgment asserting that, as an ascertainable creditor, it was entitled to strict notice under Florida Rules of Probate, 5.240. The trial judge denied the motion and granted summary judgment, sua sponte, in favor of appellee.
The trial court’s sua sponte entry of summary judgment was improper. The court’s decision was based on a portion of the language in the court’s order approving settlement of the wrongful death action. That order stated that $195,000 was to be paid out of settlement monies to PHT in full and final settlement and satisfaction of its hospital lien for medical care rendered to Garcia at JMH. A material factual issue exists regarding the relationship between UM and PHT, precluding the judge from entering a summary judgment. PHT and UM are not one and the same. Payment in full to one entity does not then satisfy payment owed to the other.[1]
JMH’s patient’s classification with regard to payment of the bill is not a determination on behalf of UM. UM is a separate entity from PHT and JMH. Satisfaction of claims raised by PHT and JMH is not satisfaction of claims by UM. See Harr v. Hillsborough *174 Community Medical Health Center, 591 So.2d 1051, 1054 (Fla. 2d DCA1991); Jones v. Directors Guild of America, Inc., 584 So.2d 1057, 1059 (Fla. 1st DCA 1991).
Although not unauthorized, it is not generally accepted practice to enter summary judgment in favor of a nonmoving party. Jockey Club, Inc. v. Blake, 297 So.2d 44, 45 (Fla. 3d DCA1974) (citing Carpineta v. Shields, 70 So.2d 573 (Fla.1954)); John K. Brennan Co. v. Central Bank & Trust Co., 164 So.2d 525 (Fla. 2d DCA1964). This is particularly true in a cause with a number of issues. We do note that the record presently before us presents several important issues among which are the following: the minor plaintiff in the wrongful death action having her recovery reduced by expenses of her late father’s estate, Mason v. Dept. of Health and Rehab. Serv., 614 So.2d 1168 (Fla. 5th DCA1993); the payments of the claim of JMH from assets not administered in accordance with the applicable probate statutes, § 733.707, Fla.Stat. (1991); the question of UM’s rights as a third-party beneficiary of the settlement agreement entered into in the wrongful death action; plus questions of es-toppel, waiver, etc. by action or inaction of UM after notice of the wrongful death action.
Therefore the summary judgment under review is hereby reversed and the matter is returned to the trial court for further proceedings consistent with this opinion on all issues as raised by the pleadings. This disposition, of course, would not prevent either party from subsequently seeking a motion for summary judgment based upon additional legal arguments, affidavits or proofs.
Reversed and remanded with directions.

. The order approving settlement distributed $720,000.00 as follows: $195,000.00 to PHT, $290,000.00 to purchase an annuity policy for the decedent's minor child, and $235,000.00 to Sosa, as personal representative of the estate with the authorization to pay $229,311.12 to the attorney for the estate. The final order of dismissal of the cause reads in part as follows: "with the Plaintiff and Plaintiff's counsel being responsible for and paying all unpaid liens, encumbrances, and subrogated interests, if any, out of the settlement proceeds.”