THOMPSON, C.J.
Lawrence A. Kent appeals a final judgment entered in part in favor of Robert D. Sullivan and Cynthia A. Sullivan (collectively, “Sullivans”). The Sullivans cross-appeal.
Seeking to enter the restaurant business, the Sullivans approached Kent about leasing his vacant restaurant property. Kent and the Sullivans entered into a lease and the Sullivans opened their restaurant. Kent represented to them that he owned the equipment in the restaurant and, in reliance on that representation, they paid $25,000.00 for the equipment. Kent never delivered a bill of sale for the equipment, although he promised to do so.
The record reflects that the restaurant equipment in dispute had been left on Kent’s property by a previous tenant, Tar-Bac, Inc. Tar-Bae filed for bankruptcy protection in December 1995, and Kent believed he was on his way to obtaining ownership of the restaurant equipment, because he claimed a statutory landlord’s lien on the equipment. Due to disputes in the bankruptcy proceeding, Kent did not have ownership of the equipment at the time he “sold” it to the Sullivans, and he knew as much. After operating the business for about a year, the Sullivans agreed to sell the equipment and their business to Mama Mia’s Pizzeria and Seafood, Inc. (“Mama Mia”), and to sublease the premises to Mama Mia. Mama Mia paid the Sullivans $16,699.76 to take over the restaurant, equipment and all. Mama Mia purchased the equipment knowing there was a cloud on the title to the equipment.[1] Mama Mia discovered the cloud on the title, but closed on the sale nevertheless, *1028 after a nine-day delay. The Sullivans then sued Kent for, among other things, civil theft, fraudulent misrepresentation, and breach of warranty.
Although there are a number of issues raised by the parties, we find that our conclusion that as a matter of law the Sullivans failed to prove a cause of action for fraud resolves all of them. This court has described the elements of fraud:
The essential elements of fraud are: (a) a false representation of fact, known by the party making it to be false at the time it was made; (b) that the representation was made for the purpose of inducing another to act in reliance on it; (c) actual reliance on the representation; and (d) resulting damage to the plaintiff-
Essex Ins. Co., Inc. v. Universal Entertainment & Skating Center, Inc., 665 So.2d 360 (Fla. 5th DCA 1995)(emphasis added).
The trial court determined that Kent perpetrated a fraud by selling equipment he did not own, but that the only damages suffered by the Sullivans were unspecified damages occasioned by the nine-day delay in the Mama Mia closing. Based on this lack of proof, the court awarded the Sulli-vans $1.00 in nominal damages.
In the subsequent order on the Sulli-vans’ motion for rehearing, the trial court further described the failure to prove damages: “Plaintiffs have not shown how this delay injured them, i.e., they have not shown how much they received for it after the delay, nor have they shown how much [Mama Mia] would have timely paid for the equipment if there was no cloud on its title.” The trial court also explained, in the ruling on the breach of warranty count, that not only did Mama Mia pay the Sullivans $16,699.76 for the equipment, the Sullivans used the equipment for a year. The equipment would have had a rental value over that time of $9,000.00, so the Sullivans received a little more for the equipment than they paid for it. In effect, the trial court acknowledged that the Sulli-vans made no showing of detrimental reliance on Kent’s misrepresentation, yet chose to award nominal damages, anyway. This was error.
“[N]ot every false representation constitutes fraud on which a claim for relief can be based.” T.D.S. Inc. v. Shelby Mut. Ins. Co., 760 F.2d 1520, 1550 (11th Cir.1985) (quoting Greenwald v. Food Fair Stores Corp., 100 So.2d 200, 202 (Fla. 3d DCA 1958)). There is no question that: (a) Kent made a false representation of fact, and knew it to be false when he made it, when he “sold” this equipment to the Sullivans despite his lack of ownership; (b) this representation was made by Kent for the purpose of inducing the Sullivans to act in reliance on it — to buy the equipment; (c) the Sullivans actually relied on the representation, “buying” the equipment. But, because there was no resulting damage to the Sullivans, as the trial court found in its order on plaintiff’s motion for rehearing, the fourth element of fraud was not proven. Thus, this is one of those cases where a false statement did not constitute a fraud upon which a claim for relief could be based.[2]
Because there was no fraud, there was also no civil theft. The trial court based its finding of civil theft on its finding that *1029 there had been a fraud.[3]
REVERSED and REMANDED.
PLEUS and PALMER, JJ., concur.

. The cloud on the title was later resolved in the bankruptcy proceeding in Kent's favor.

. The Sullivans suggest that they were damaged and that the measure of damages is the difference between the actual value of the property and its value had the alleged facts regarding the property been true. They presume that the property's value to them became "zero” upon Kent’s misrepresentation. This argument fails because the record shows *1029 that they received much more than “zero” for the restaurant equipment.

. Our determination on this issue renders the issues on cross-appeal meritless.