LAGOA, J.
 

 Casa Investment Co., Inc. (“Casa”) petitions this Court for a writ of certiorari to review a decision of the circuit court appellate division affirming the county court’s entry of final summary judgment in favor of Marcel Nestor (“Nestor”). Because we conclude that the appellate division’s decision constituted a departure from the essential requirements of the law, we grant the petition for certiorari and quash the appellate division’s order.
 

 I.
 
 STANDARD OF REVIEW ON SECOND-LEVEL CERTIORARI
 

 “Review on second-level certiora-ri is extremely limited, as we are confined to determining whether the lower court provided due process and followed the correct law. A lower tribunal provides due process if the complaining party was given notice and an opportunity to be heard.”
 
 Williams v. Miami-Dade County,
 
 969 So.2d 389, 392 (Fla. 3d DCA 2007);
 
 accord Loguercio v. Dep’t of Highway Safety & Motor Vehicles,
 
 907 So.2d 1267 (Fla. 3d DCA 2005). As such, certiorari review should only be granted when “there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.”
 
 Haines City Cmty. Dev. v. Heggs,
 
 658 So.2d 523, 528 (Fla.1995). In this case, we conclude that the exercise of certiorari review is appropriate.
 

 II.
 
 PROCEDURAL BACKGROUND
 

 On July 13, 2007, Casa served its Amended Motion for Final Summary Judgment and noticed the motion for a September 10th hearing. At that hearing, Nestor made an ore tenus motion for summary judgment based upon a statute of limitations defense, which the trial court granted.
 

 In appealing the entry of final summary judgment to the circuit court appellate division, Casa raised both procedural and substantive issues. With regard to the procedural issue, Casa argued that reversal was required because Nestor did not timely notice his summary judgment motion as required by Florida Rule of Civil Procedure 1.510(c). In its opinion, a majority of the circuit court appellate division panel affirmed the county court’s decision, with Judge Israel Reyes dissenting on the ground that reversal was required on the procedural issue. Casa sought certiorari review.
 

 
 *1221
 
 III.
 
 ANALYSIS
 

 Because we find merit with the procedural argument raised by Casa, we do not address the substantive issues raised on appeal.
 

 Rule 1.510(c) states in part as follows: The motion shall state with particularity the grounds upon which it is based and the substantial matters of law to be argued and shall specifically identify any affidavits, answers to interrogatories, admissions, depositions, and other materials as would be admissible in evidence (“summary judgment evidence”) on which the movant relies.
 
 The movant shall serve the motion at least 20 days before the time fixed for the hearing,
 
 and shall also serve at that time copies of any summary judgment evidence on which the movant relies that has not already been filed with the court (emphasis added).
 

 It goes without saying that a party cannot “serve” an oral motion for summary judgment on another party. Indeed, Florida Rule of Civil Procedure 1.080
 
 [1]
 
 specifically defines the three ways that “service” is made on a party following the initial pleading: (1) by mail; (2) by hand delivery; or (3) by facsimile transmission of the pleading along with service by any other method permitted by the rule. The language of Rule 1.510(c), explicitly requiring that a movant “shall serve the motion” for summary judgment “at least 20 days before the time fixed for the hearing,” does not permit oral motions for summary judgment.
 

 Moreover, Rule 1.510(c) requires that a summary judgment motion “state with particularity the grounds upon which it is based and the substantial matters of law to be argued.” The purpose of this rule is “to prevent ‘ambush’ by allowing the nonmoving party to be prepared for the issues that will be argued at the summary judgment hearing.”
 
 City of Cooper City v. Sunshine Wireless Co.,
 
 654 So.2d 283, 284 (Fla. 4th DCA 1995). Clearly, an oral motion for summary judgment is contrary to this rule.
 

 Finally, Rule 1.510(c) requires at least 20 days between service of a motion for summary judgment and a hearing on the motion. Needless to say, this did not occur nor could it with an oral motion.
 

 Here, the trial court granted a motion for summary judgment, which was neither written nor properly noticed. Ne
 
 *1222
 
 stor’s failure to comply with Rule 1.510(c) deprived Casa of the ability to both adequately respond and prepare for the summary judgment hearing. Because Casa was deprived of the requisite notice required under Rule 1.510(c), we conclude that the circuit court appellate division departed from the essential requirements of law and deprived Casa of due process.
 
 See State, Fla. Highway Patrol v. In re: Forfeiture of Twenty Nine Thousand Nine Hundred & Eighty (29,980.00) in U.S. Currency,
 
 802 So.2d 1171, 1172-73 (Fla. 3d DCA 2001) (finding that ore tenus motion for summary judgment deprived non-mov-ant of required notice and required reversal).
 

 Accordingly, we grant the petition for writ of certiorari, quash the decision below and remand with directions to reverse the summary judgment entered in favor of Nestor.
 

 [1]
 

 . Rule 1.080 states in pertinent part:
 

 (a) Service; When Required. Unless the court otherwise orders, every pleading subsequent to the initial pleading and every other paper filed in the action, except applications for witness subpoena, shall be served on each party....
 

 (b) Service; How Made. ... Service on the attorney or party shall be made by delivering a copy or mailing it to the attorney or the party at the last known address or, if no address is known, by leaving it with the clerk of the court. Service by mail shall be complete upon mailing. Delivery of a copy within this rule shall be complete upon: (1) handing it to the attorney or to the party, (2) leaving it at the attorney's or party’s office with a clerk or other person in charge thereof, (3) if there is no one in charge, leaving it in a conspicuous place therein, (4) if the office is closed or the person to be served has no office, leaving it at the person's usual place of abode with some person of his or her family above 15 years of age and informing such person of the contents, or (5) transmitting it by facsimile to the attorney's or party's office with a cover sheet containing the sender’s name, firm address, telephone number, and facsimile number, and the number of pages transmitted. When service is made by facsimile, a copy shall also be served by any other method permitted by this rule. Facsimile service occurs when transmission is complete. Service by delivery after 5:00 p.m. shall be deemed to have been made on the next day that is not a Saturday, Sunday, or legal holiday.