66 So.3d 1051 (2011)
HOTEL 71 MEZZ LENDER, LLC, Appellant,
v.
Walter V. TUTT and Donald J. Purdy, Appellee.
No. 3D10-489.
District Court of Appeal of Florida, Third District.
August 3, 2011.
*1052 Lee B. Gartner, for appellant.
Siegfried, Rivera, Lerner, De La Torre & Sobel, and H. Hugh McConnell, for appellee.
Before RAMIREZ, and SALTER, JJ., and SCHWARTZ, Senior Judge.
RAMIREZ, J.
Hotel 71 Mezz Lender, LLC appeals the final summary judgment entered in favor of the garnishee. We reverse the summary judgment and remand to the trial court for further proceedings because the trial court erred when it entered summary judgment in favor of the garnishee when the garnishee had not moved for summary judgment.
Plaintiff/judgment creditor Hotel 71 is a Delaware limited liability company located in New York, New York. Guy Mitchell and others[1] are judgment debtors as a result of their default of personal guaranties of a loan that Hotel 71 made to an entity owned and controlled by the judgment debtors in order to acquire and renovate a hotel in Chicago named "Hotel 71." Mitchell resides in Coral Gables, Florida. Third-party garnishee, J. Wallace Tutt, III, resides in Harbour Island in the Bahamas.
In March 2006, Tutt and Mitchell negotiated for the sale of Caribe Cay, a one-acre island in the Bahamas, to Mitchell for a purchase price of $2.925 million. Tutt and Mitchell never entered into any written contract for that sale. According to Tutt, pursuant to an oral agreement between *1053 Tutt and Mitchell, Mitchell began to occupy Caribe Cay as a renter beginning in August 2006. Since then, Mitchell has paid approximately $1.1 million to Tutt for the use of Caribe Cay. In February 2007, Tutt and Mitchell agreed that the $2.925 million purchase price would be reduced by the rental payments to a net $1.8 million.
In April 2007, Hotel 71 sued the judgment debtors in New York for breach of contract. One year later, the New York court entered summary judgment in favor of Hotel 71 and against Mitchell, among others, in the amount of $52,404,066.54. This judgment was registered in Miami-Dade County in July 2008. As of that date, none of the judgment debtors have turned over any money or property in satisfaction of the judgments.[2]
In August 2008, Tutt became aware of the New York judgment and that a receiver had been appointed for Mitchell's property. On October 8, 2008, in order to identify and seize assets belonging to Mitchell, Hotel 71 served and filed a writ of garnishment directed to Tutt. Tutt answered that he had no tangible or intangible personal property of any of the judgment debtors in his possession or control, that he sold the property in the Bahamas to Mitchell, and that the sale of the Bahamian property was complete with the exception of a final U.S. $7000 payment which Mitchell owed to Tutt. Tutt never completed the sale of Caribe Cay. Mitchell has denied that he owns Caribe Cay.
On October 14, 2008, another creditor of Mitchell, The Formula, Inc., served a garnishment on Tutt and filed an action in Miami-Dade County Circuit Court styled, "The Formula, Inc. v. Royal Palm Hotel Property, LLC d/b/a Royal Palm Hotel Condominium and Guy Mitchell [Defendants] v. J. Wallace Tutt, III [Garnishee]" (the "Carbon" action). Hotel 71 filed an affidavit in the Carbon action notifying the trial court that Hotel 71 had priority with respect to any assets of Mitchell garnished in the Carbon action from Tutt and asking the court to determine the right of property as between Hotel 71 and Formula.
In September 2009, Carbon and Tutt appeared before the trial court for an evidentiary hearing on Carbon's writ of garnishment. At the hearing, Carbon sought to have Mitchell's rights under the alleged contract with Tutt for the purchase of Caribe Cay subrogated to Carbon. The trial court determined that Tutt sold Caribe Cay to Mitchell and that through the interpleader of Caribe Cay in a Bahamian Court, Tutt would be discharged from any liability to Carbon, Mitchell or Mitchell's designees, arising out of Carbon's writ of garnishment action.
At that same time, Hotel 71's garnishment action was pending before another trial court judge. On October 7, 2009, prior to the Carbon Final Judgment, Hotel 71 moved for summary judgment, seeking judgment for a minimum of $2,755,097.50 (the funds paid by Mitchell to Tutt), plus interest. The trial court transferred the Hotel 71 action to the trial court hearing the Carbon action. Hotel 71 then filed an amended motion for summary judgment, which was the same as the original motion, except it included full copies of relevant deposition transcripts.
Carbon then moved to consolidate the Carbon action and the Hotel 71 action, which the trial court granted. In January 2010, the trial court issued a Final Summary Judgment in favor of garnishee in the Hotel 71 action, granting summary judgment in favor of Tutt, and denying Hotel 71's motion for summary judgment.
*1054 On appeal, Hotel 71 contends that the trial court erred when it granted summary judgment in favor of Tutt because Tutt had not moved for summary judgment. We agree.
Florida Rule of Civil Procedure 1.510(c) provides that a summary judgment motion must "state with particularity the grounds upon which it is based" and must be served at least twenty days from the date on which the hearing is scheduled. The motion must also "specifically identify any affidavits, answers to interrogatories, admissions, depositions, and other materials as would be admissible in evidence ... on which the movant relies."
Rule 1.510(c) prevents ambush by allowing the nonmoving party to be prepared for issues that will be argued at the summary judgment hearing. See Casa Inv. Co., v. Nestor, 8 So.3d 1219 (Fla. 3d DCA 2009). Failure to comply with the rule deprives the opposing party "of the ability to both adequately respond and prepare for the summary judgment hearing." Id. at 1221.
The entry of summary judgment in favor of a non-movant is not generally accepted practice. Id. at 1219; Univ. of Miami v. Sosa, 629 So.2d 172, 174 (Fla. 3d DCA 1993). Moreover, as Hotel 71 correctly argues, granting summary judgment to a nonmovant is especially disfavored where the case requires resolution of a number of issues, as is the case before us. See id. As such, appellate courts customarily overturn trial court decisions granting summary judgment to parties that did not serve the required notice. See Casa Inv., 8 So.3d at 1221; Groeber v. Heuring, 690 So.2d 1343, 1344 (Fla. 3d DCA 1997).
As previously stated, the trial court granted summary judgment in Tutt's favor. This occurred even though Tutt never moved for summary judgment. Hotel 71 properly noticed its motion for summary judgment. In turn, Tutt had the opportunity to submit evidence in opposition to Hotel 71's motion and to prepare for the hearing on the motion. The entry of summary judgment in Tutt's favor deprived Hotel 71 of the opportunity to respond to a motion for summary judgment and to prepare for the hearing in which to address this motion.
The entry of summary judgment in Tutt's favor also constituted error in light of the complex nature of the trial court action. This trial court action involved numerous issues-whether a real property contract exists between Tutt and Mitchell, whether Tutt possesses money that belonged to Mitchell, what improvements were made by Mitchell to Caribe Cay, and whether Mitchell was a renter of Caribe Cay. Consequently, the trial court erred when it entered summary judgment in favor of Tutt when Tutt had not moved for it.
Accordingly, we reverse the summary judgment entered in Tutt's favor and remand to the trial court for proceedings consistent with this opinion.
Reversed and remanded.
SALTER, J., concurs.
SCHWARTZ, Senior Judge (dissenting).
I believe that the trial judge was substantively correct in concluding that, beyond the "slightest doubt," see Goloubev v. Palm West Home Builders, Inc., 39 So.3d 522, 522 (Fla. 5th DCA 2010); Briggs v. Jupiter Hills Lighthouse Marina, 9 So.3d 29, 31 (Fla. 4th DCA 2009); Franco v. Miami-Dade Cnty., 947 So.2d 512, 515 (Fla. 3d DCA 2006), the appellees were entitled to summary judgment as a matter of law and that the judgment below was procedurally authorized under the line of cases which permits summary judgment for the non-moving party. See Carpineta *1055 v. Shields, 70 So.2d 573, 574 (Fla.1954); R & L Constr., Inc. v. Cullen, 557 So.2d 931 (Fla. 5th DCA 1990); Opler v. Wynne, 402 So.2d 1309, 1311 n. 1 (Fla. 3d DCA 1981); Glatstein v. City of Miami, 399 So.2d 1005, 1009 n. 4 (Fla. 3d DCA 1981); King v. L & L Investors, Inc., 133 So.2d 744 (Fla. 3d DCA 1961).
I would affirm.
NOTES
[1] Robert Falor, David Falor, Chris Falor, Geoffrey Hockman and Jennifer Falor.
[2] Mitchell is the only judgment debtor who is the subject of this appeal.