# Third District Court of Appeal

## State of Florida

Opinion filed October 6, 2021.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D20-1413
Lower Tribunal No. 09-34621

————————

## Philip J. Shechter, etc.,
Appellant,

vs.

## R.V. Sales of Broward, Inc., etc., et al.,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Ivonne Cuesta, Judge.

Rubinstein & Associates, P.A., and Jeffrey Rubinstein, for appellant.

Locke Law, P.A., and Wendell Locke (Plantation), for appellees.

Before EMAS, LINDSEY and GORDO, JJ.

EMAS, J.

Philip Shechter, a court-appointed receiver in the dissolution of marriage proceedings below, appeals the trial court's final judgment in favor of third-party defendants, RV Sales of Broward, Inc., Broward RV, Inc., Gigi Stetler and Ivan Kapchuk (collectively, "the RV Dealers"). For the reasons that follow, we affirm in part, reverse in part, and remand for further proceedings.

During the dissolution proceedings, the trial court appointed Shechter as a receiver to assist in selling marital assets, including a recreational vehicle ("the RV"). The Receiver entered into a consignment agreement under which the RV Dealers agreed they would accept no less than $42,000 as the sales price for the RV. If a prospective buyer offered a lower amount, the Dealers could accept it only with written authorization from the Receiver.

For more than three years, the RV did not sell, but eventually the RV Dealers sold the RV for $22,000 after allegedly obtaining oral authorization from the Receiver's employee and brother, Hank Shechter. It is undisputed the RV Dealers did not obtain written authorization to sell the RV for less than $42,000. In addition, the Receiver asserted that the RV Dealers repaired the RV twice without authorization and without complying with Florida statutory law.

The Receiver filed a third-party complaint against the RV Dealers, for breach of contract (Count One); violation of Chapter 559, Part IX, Florida Statutes, relating to practices of motor vehicle repair shops (Count Two); violation of Chapter 501, Florida Statutes, relating to Florida Deceptive and Unfair Trade Practices Act (FDUTPA) (Count Three); violation of Chapter 772, Florida Statutes, relating to civil remedy for theft (Count Four); and civil conspiracy (Count Five).  In each count, the Receiver's prayer for relief sought damages, court costs and (where applicable) attorney's fees.

Prior to trial, the Receiver filed a motion for partial summary judgment on Count One  (breach of contract) and Count Two (Chapter 559 violation). As to Count Two, the motion alleged that neither the Receiver nor anyone on his behalf authorized the RV Dealers to make repairs to the RV.  The motion alleged that, in making such unauthorized repairs, the RV Dealers violated Florida law by failing to provide a written estimate (and receiving approval) before commencing the repairs, and by failing to provide the Receiver with an invoice.  See §§ 559.905, 559.911, Florida Statutes (2013). In support of these allegations, the Receiver relied upon excerpts of the deposition testimony of Gigi Stetler, the corporate representative of the RV Dealers.  In response to the Receiver's motion for summary judgment, the RV Dealers filed an affidavit from Stetler, wherein she averred that the

3

Receiver's agent had instructed RV Dealers to complete minor repairs to the RV in order to "maximize the sale price," and that the repair estimate was forwarded to the Receiver following a discussion with him on the telephone.

The trial court denied the Receiver's motion for partial summary judgment on Counts One and Two. As to Count Two, however, the trial court not only denied the Receiver's motion; it also "granted" summary judgment in favor of the RV Dealers (notwithstanding the absence of a motion), finding that "as a matter of law," the RV Dealers did not violate chapter 559 because the requirements of that statute were "waived by [the Receiver] as evidenced by the unrebutted Affidavit in Opposition of Gigi Stetler." The trial court entered judgment in favor of the RV Dealers on Count Two, later amending the judgment to remove the word "unrebutted."[1]

The case proceeded to a nonjury trial on the remaining four counts. At the close of the Receiver's case, the court directed a verdict in favor of one of the RV Dealer defendants as to Count Four (civil theft), citing the Receiver's failure to strictly comply with the demand requirements under section 772.11, Florida Statutes (2013). The court either reserved or denied all other motions for direct verdict. The court ultimately found in favor of all

---

[1] Both the partial summary judgment order and the amended order were entered by a predecessor trial court judge. Judge Cuesta, the successor judge, presided over the subsequent bench trial.

RV Dealers on all remaining counts, determining that, while the Receiver proved a material breach of the contract, he failed to prove damages. A final judgment was entered in favor of the RV Dealers, and this appeal followed.

On appeal, the Receiver argues that the trial court erred in granting partial summary judgment on Count Two, and further erred in finding in favor of the RV Dealers on the remaining counts, following a trial, upon a determination that the Receiver failed to prove damages.[2]

We reverse the trial court's sua sponte entry of summary judgment in favor of the RV Dealers on Count Two of the Receiver's complaint, where the RV Dealers never filed a motion for summary judgment and the Receiver was provided neither timely notice that such affirmative relief was contemplated, nor an opportunity to respond or present additional evidence in opposition. See Fla. R. Civ. P. 1.510(f)(1) (providing: "**Judgment Independent of the Motion**. After giving notice and a reasonable time to respond, the court may: (1) grant summary judgment for a nonmovant"); Hotel 71 Mezz Lender, LLC v. Tutt, 66 So. 3d 1051 (Fla. 3d DCA 2011)

---

[2] Because we agree with the trial court that the Receiver's failure to prove damages was fatal to the remaining four counts that proceeded to trial (including Count Four, the civil theft claim), we need not determine whether the trial court erred in directing a verdict on that count in favor of the third-party defendants, for failure to comply with the statutory requirements of the civil theft statute.

5

(reversing summary judgment in favor of nonmoving party where opposing party was not given an opportunity to respond and prepare for hearing); Ness Racquet Club, LLC, v. Ocean Four 2108, LLC, 88 So. 3d 200, 202 (Fla. 3d DCA 2011) (holding: "Where a party has not filed a summary judgment motion or where no notice or opportunity to be heard has been given to the opposing side to present opposing affidavits, a trial court may not sua sponte grant summary judgment in favor of the non-movant"); Jockey Club, Inc. v. Blake, 297 So. 2d 44, 45 (Fla. 3d DCA 1974) (reversing summary judgment in favor of non-moving party where it was "apparent that the plaintiff did not have an opportunity to defend against defendants' motion by the presentation of evidentiary facts which may have been relevant to such a defense"); First Union Nat'l Bank of Fla. v. Maurer, 597 So. 2d 429, 430 (Fla. 2d DCA 1992) (reversing dismissal which was, in effect, a summary judgment in favor of non-moving party where opposing party "could not reasonably have anticipated" such an outcome).

Further, and as noted by the Receiver, the affidavit filed by the RV Dealers in opposition to the Receiver's motion for summary judgment at most created a genuine issue of disputed fact as to Count Two, requiring denial of any motion for summary judgment at that point. See e.g., Tutt, 66 So. 3d at 1054 (holding entry of summary judgment in favor of non-moving party was

6

also error because there were several factual issues remaining); <u>Univ. of Miami v. Sosa</u>, 629 So. 2d 172 (Fla. 3d DCA 1993) (holding that "it is not generally accepted practice to enter summary judgment in favor of a nonmoving party . . . [which is] particularly true in a cause with a number of issues).

As to the remaining counts which proceeded to trial, we affirm the trial court's determination that the Receiver failed to prove damages, an essential element of all those counts in the Receiver's complaint. <u>See</u> <u>Asset Mgmt. Holdings, LLC v. Asset Recovery Ctr. Invs., LLC</u>, 238 So. 3d 908, 912 (Fla. 2d DCA 2018) (damages are an essential element of a claim for breach of contract); <u>Ahearn v. Mayo Clinic</u>, 180 So. 3d 165 (Fla. 1st DCA 2015) (actual damages must be proven under FDUTPA); <u>Kent v. Sullivan</u>, 793 So. 2d 1027 (Fla. 5th DCA 2001) (a failure to prove damages is fatal to a claim for civil theft); <u>Raimi v. Furlong</u>, 702 So. 2d 1273, 1284 (Fla. 3d DCA 1997) (holding: "A civil conspiracy requires: (a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy"); <u>Blatt v. Green, Rose, Kahn & Piotrkowski</u>, 456 So. 2d 949, 950 (Fla. 3d DCA 1984) (noting: "The gist of a civil action for conspiracy is not the conspiracy itself, but the civil

wrong which is done pursuant to the conspiracy and which results in damage to the plaintiff"). See also Regions Bank v. Maroone Chevrolet, L.L.C., 118 So. 3d 251, 257 (Fla. 3d DCA 2013) (holding: "It is axiomatic that a plaintiff must prove damages resulting from the defendant's wrongdoing to be entitled to recover"); Bank of Miami Beach v. Newman, 163 So. 2d 333, 333 (Fla. 3d DCA 1964) (noting: "It is fundamental that a person is not entitled to recover damages if he has suffered no injury").

The RV Dealers sold the RV for $22,000. The Receiver failed to present competent substantial evidence that the RV was worth more than that. Indeed, the Receiver testified that the former husband believed the RV was worth "in the neighborhood of $20,000" and the Receiver himself testified that he agreed with that assessment. Although the former wife believed the RV was worth more than $20,000, she did not obtain an appraisal or present other evidence of the RV's fair market value. The trial court, in its final judgment, concluded that the only credible evidence presented in this regard was "that the vehicle's value was $22,000—the sales price." We do not disturb that factual finding, as it is supported by competent, substantial evidence. Based upon this finding of fact, see G&G Fashion Design, Inc. v. Garcia, 870 So. 2d 870 (Fla. 3d DCA 2004), the trial court properly determined the Receiver failed to prove damages, and

8

properly entered final judgment in favor of the RV Dealers on those remaining counts. We find the Receiver's additional arguments unpersuasive and do not merit further discussion.

We therefore affirm the final judgment in favor of the RV Dealers on Counts One, Three, Four and Five. We reverse the summary judgment entered in favor of the RV Dealers on Count Two, and remand with directions to vacate that order and for further proceedings on that count.

Affirmed in part, reversed in part, and remanded with directions.