# Third District Court of Appeal

## State of Florida

Opinion filed April 5, 2023.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D20-1048
Lower Tribunal No. 13-30812

————————————

## Design Neuroscience Centers, P.L., etc.,
Appellant,

vs.

## Preston J. Fields, P.A.,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

The Business and Family Law Center and Kraig S. Weiss (Weston), for appellant.

Preston J. Fields, P.A., and Preston J. Fields, Sr. (Palm Beach Gardens), for appellee.

Before LOGUE, SCALES and LOBREE, JJ.

LOBREE, J.

Design Neuroscience Centers, P.L. ("DNC") appeals the summary final

judgment entered in favor of Preston J. Fields, P.A., the denial of its motion to amend its counterclaim, and an order granting Fields' motion to strike the jury trial demand contained in the original complaint. Finding no abuse of discretion, we do not disturb the trial court's order striking the jury trial demand and affirm that order without further discussion. However, we reverse the summary judgment entered in favor of Fields and the denial of DNC's motion to amend.

Proceeding on his amended complaint for breach of a lease, Fields moved for summary judgment against DNC, arguing that he had uncontrovertibly established a breach of contract.[1] DNC responded, arguing, among other things, that Fields was not entitled to certain rent monies under the relevant documents, and pointing out that Fields' summary judgment motion failed to address its affirmative defenses and counterclaim for a declaratory judgment that the lease was void from its inception. On the Friday before the Monday summary judgment hearing, Fields filed a reply in support of his summary judgment motion. The reply contained argument about each of DNC's affirmative defenses and addressed DNC's

---

[1] All summary judgment proceedings occurred in 2019–20, before the new summary judgment rule was effective. See In re Amends. to Fla. R. of Civ. P. 1.510, 317 So. 3d 72, 77 (Fla. 2021) (stating effective date of new rule is May 1, 2021).

counterclaim, claiming that this court's prior opinion in <u>Midgard Management, Inc. v. Park Centre Med-Suites, LLC</u>, 114 So. 3d 302 (Fla. 3d DCA 2013), was res judicata on the issue of whether the lease documents were void ab initio. Later that day, DNC moved to strike the reply, protesting that Fields' reply was improperly filed less than twenty days before the summary judgment hearing in violation of Florida Rule of Civil Procedure 1.510(c), where the reply addressed DNC's affirmative defenses and counterclaim for the first time. In granting summary judgment, the trial court stated that it considered Fields' reply, and found that Fields had conclusively disproven DNC's affirmative defenses and that DNC's counterclaim was barred by the doctrine of res judicata. DNC moved for reconsideration, arguing that it was denied due process when the trial court considered Fields' untimely reply.

"Florida Rule of Civil Procedure 1.510(c) provides that a motion for summary judgment shall state with particularity the grounds upon which it is based and the substantial matters of law to be argued." <u>H.B. Adams Distribs., Inc. v. Admiral Air of Sarasota Cnty., Inc</u>., 805 So. 2d 852, 854 (Fla. 2d DCA 2001). The rule "is designed to prevent 'ambush' by allowing the nonmoving party to be prepared for the issues that will be argued at the summary judgment hearing." <u>Fla. Holding 4800, LLC v. Lauderhill Lending, LLC</u>, 275 So. 3d 183, 187 (Fla. 4th DCA 2019) (quoting <u>City of Cooper City</u>

3

v. Sunshine Wireless Co., Inc., 654 So. 2d 283, 284 (Fla. 4th DCA 1995)). Indeed, "[i]t is reversible error to enter summary judgment on a ground not raised with particularity in the motion for summary judgment." Ambrogio v. McGuire, 247 So. 3d 73, 75 (Fla. 2d DCA 2018). To that end, "[r]ule 1.510(c) requires at least 20 days between service of a motion for summary judgment and a hearing on the motion." Casa Inv. Co. v. Nestor, 8 So. 3d 1219, 1221 (Fla. 3d DCA 2009). Failure to comply with rule 1.510(c) deprives the non-movant "of the ability to both adequately respond and prepare for the summary judgment hearing." Id. at 1222. As a result, "it is reversible error to grant a summary judgment pursuant to a motion which has not been served within the 20–day notice required by rule 1.510(c)." E & I, Inc. v. Excavators, Inc., 697 So. 2d 545, 546 (Fla. 4th DCA 1997); see also Beach Higher Power Corp. v. Capoche, 763 So. 2d 551 (Fla. 3d DCA 2000).

Here, Fields' summary judgment motion did not address DNC's affirmative defenses or counterclaim, and therefore did not provide notice that those matters would be argued at the summary judgment hearing set for two days after Fields filed his reply. Fields' reply did not merely respond to arguments DNC made in its response in opposition. It included, for the first time, Fields' substantive arguments about DNC's counterclaim and affirmative defenses, and cited to evidence not referenced or attached to the

4

motion for summary judgment. In effect, Fields' reply was a new motion for summary judgment, for which DNC was entitled to twenty-days' notice before a hearing was conducted on the motion. Instead, DNC had only two-days' notice in contravention of rule 1.150(c), and objected to the reply and the entry of summary judgment on that basis. [2] Because DNC was deprived of the requisite notice required under rule 1.510(c), we reverse the trial court's grant of summary judgment in favor of Fields.[3]

We also reverse the trial court's denial of DNC's motion for leave to file an amended counterclaim. "The trial court's denial of a party's motion to amend a pleading is generally an abuse of discretion, *unless* (i) the moving party has abused the privilege to amend, (ii) the opposing party would be prejudiced by the amendment, or (iii) the amendment would be futile."

---

[2] See Goncalves v. S. Tower at Point Condo., Inc., 347 So. 3d 1290, 1290 (Fla. 3d DCA 2022) ("This court has held that any error in failing to give twenty days' notice prior to a summary judgment hearing is waived if the party does not object to insufficient notice either before a summary judgment hearing, at the summary judgment hearing, or in a motion for rehearing." (quoting Azanza v. Priv. Funding Grp., Inc., 24 So. 3d 586, 587 (Fla. 4th DCA 2009))).

[3] Our disposition of DNC's appeal on this basis disposes of the need to address the other arguments DNC directs toward the summary judgment. See Chiu v. Wells Fargo Bank, N.A., 242 So. 3d 461, 464 n.2 (Fla. 3d DCA 2018) ("Because we are reversing on the basis of a procedural due process error, we do not address Chiu's substantive arguments directed toward the final summary judgment.").

Mishpaja Shajine, Inc. v. Granada Ins. Co., 319 So. 3d 762, 763 (Fla. 3d DCA 2021). In the absence of any indication on this record that DNC has abused its amendment privilege or that any amendment would be futile, prejudice based on the length of time a case has been pending does not alone justify denying a motion for leave to amend. See Sorenson v. Bank of N.Y. Mellon as Tr. for Certificate Holders CWALT, Inc., 261 So. 3d 660, 663 (Fla. 2d DCA 2018); see also id. ("Granting leave to amend is particularly appropriate where the amendment is based on the same conduct, transaction, or occurrence from which the original claim arose and only changes a party's legal theory of the case."); Morgan v. Bank of N.Y. Mellon, 200 So. 3d 792, 795 (Fla. 1st DCA 2016) ("Whether granting the proposed amendment would prejudice the opposing party is analyzed primarily in the context of the opposing party's ability to prepare for the new allegations or defenses prior to trial."). We therefore affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

Affirmed, in part, reversed, in part, and remanded.

SCALES, J., concurs.

LOGUE, J., dissents.