# Third District Court of Appeal
## State of Florida

Opinion filed September 13, 2023.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D23-0008
Lower Tribunal No. 21-25124

————————————

**Brenda Serrano,**
Appellant,

vs.

**Jeffrey Epstein,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Andrew M. Kassier, P.A., and Andrew M. Kassier, for appellant.

Law Offices of Kurt R. Klaus, Jr., and Kurt R. Klaus, Jr., for appellee.

Before SCALES, HENDON, and MILLER, JJ.

PER CURIAM.

The plaintiff below, Brenda Serrano, individually and on behalf of her

minor son ("Serrano"), appeals from the final summary judgment entered in favor of defendant Jeffrey Epstein ("Epstein"). We affirm, in part, and reverse, in part.

Serrano filed a complaint against several defendants, including Epstein and Chase Bank, N.A. ("Chase Bank"). Epstein moved for summary judgment as to the counts alleged by Serrano against him based on his affirmative defenses. Chase Bank did not move for summary judgment. At the conclusion of the hearing on Epstein's motion for summary judgment, at which Chase Bank was not present, the trial court granted Epstein's motion for summary judgment, and stated that it was entering a final summary judgment as to all counts alleged by Serrano, which would include the counts Serrano alleged against nonmovant Chase Bank. Thereafter, the trial court entered the final summary judgment under review.

Without further discussion, we affirm the portion of the final summary judgment entered as to the claims asserted by Serrano against Epstein, as the issues raised by Serrano as to those claims lack merit. However, we reverse the entry of final summary judgment relating to Serrano's claims alleged against defendant Chase Bank because Chase Bank did not move for summary judgment, and Serrano was not provided with notice and with

an opportunity to respond and prepare for the hearing as to her claims asserted against Chase Bank. See Ness Racquet Club, LLC, v. Ocean Four 2108, LLC, 88 So. 3d 200, 202 (Fla. 3d DCA 2011) ("Where a party has not filed a summary judgment motion or where no notice or opportunity to be heard has been given to the opposing side to present opposing affidavits, a trial court may not sua sponte grant summary judgment in favor of the non-movant."); Hotel 71 Mezz Lender, LLC v. Tutt, 66 So. 3d 1051, 1054 (Fla. 3d DCA 2011) (reversing summary judgment in favor of nonmoving party where opposing party was not given an opportunity to respond and prepare for hearing). Accordingly, we affirm, in part, and reverse, in part, the final summary judgment entered against Serrano.

Affirmed, in part; reversed, in part.