# Third District Court of Appeal

## State of Florida

Opinion filed October 16, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1068
Lower Tribunal No. 21-10516
_____

**Adolfo Pazmino Lopez,**
Appellant,

vs.

**Mel-Mont Medical, LLC, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

EPGD Attorneys at Law, P.A., and Andrea Natale, Joanna Andrade Lehmann, and Oscar A. Gomez, for appellant.

Salazar Law, and Luis Salazar and Jose A. Ceide, for appellees.

Before LOGUE, C.J., and GORDO and BOKOR, JJ.

LOGUE, C.J.

Adolfo Pazmino Lopez appeals the trial court's summary judgment entered against him. In it, the trial court ruled that he could not enforce the

promissory note he held because it was usurious. We agree and affirm the trial court's grant of summary judgment in this regard.

Because the note was usurious, the trial court also entered summary judgment in favor of the maker, Mel-Mont Medical, LLC, on its counterclaim against Lopez for criminal usury, awarding Mel-Mont, LLC damages. On this issue, Mel-Mont, LLC commendably confesses error. Specifically, the parties agree on appeal the trial court miscalculated damages when it ordered that Lopez pay Mel-Mont, LLC $105,750.00. This award was the amount of principal Mel-Mont, LLC paid plus double the interest paid. The parties agree the trial court should only have ordered Lopez to pay actual damages—i.e. the amount actually paid in principal and interest, which was $77,875.00. They are correct.

They maintain the reason for the miscalculation is because the trial court incorrectly cumulated the damages permitted under the "criminal" usury statue, § 687.071, Florida Statutes, with the "civil" usury statute, § 687.04, Florida Statutes. Because Mel-Mont, LLC brought its claim under the criminal usury statute, they argue, the trial court could only award the damages permitted under this statute. Such damages do not include double interest. They are correct. See Velletri v. Dixon, 44 So. 3d 187, 192 (Fla. 2d DCA 2010) ("When a debt is criminally usurious, the remedy is cancellation

2

of the debt itself and a return of any amounts paid. There is no authority for cumulating the penalties for both civil and criminal usury, and, in fact, the authority is to the contrary." (citations omitted)). We therefore reverse the trial court's damage award and remand with instructions that the trial court correct the award by canceling the debt and ordering Lopez pay Mel-Mont, LLC damages in the amount of $77,875.00.

Finally, the trial court also entered summary judgment in favor of non-movant, Mel-Mont Medical, Inc. However, neither Mel-Mont, Inc. or Lopez moved for summary judgment on this claim. Lopez sued Mel-Mont, Inc. along with Mel-Mont, LLC, but made a different claim against Mel-Mont, Inc. And the trial court never indicated before entering the order that it was considering a summary judgment for Mel-Mont, Inc. Accordingly, summary judgment for Mel-Mont, Inc. was not properly before the trial court when it granted Mel-Mont, Inc. summary judgment. See Ness Racquet Club, LLC v. Ocean Four 2108, LLC, 88 So. 3d 200, 202 (Fla. 3d DCA 2011) (holding that sua sponte summary judgment may be entered under certain circumstances, but not "[w]here a party has not filed a summary judgment motion or where no notice or opportunity to be heard has been given"); cf. Fla. R. Civ. P. 1.510(f)(1) ("After giving notice and a reasonable time to respond, the court may . . . grant summary judgment for a nonmovant[.]"). See also Serrano v.

3

Epstein, 389 So. 3d 586, 586 (Fla. 3d DCA 2023) ("[W]e reverse the entry of final summary judgment relating to [plaintiff]'s claims alleged against defendant [ ] because [defendant] did not move for summary judgment, and [plaintiff] was not provided with notice and with an opportunity to respond and prepare for the hearing as to her claims asserted against [defendant]."). We therefore reverse the trial court's entry of summary judgment in favor of Mel-Mont, Inc.

Affirmed in part, reversed in part, and remanded with instructions.