PER CURIAM.
The narrow legal issue in this case is whether the Department of Children and Families was in error in adopting the hearing officer’s determination that appellant’s assets disqualified her from receiving Institutional Care Program and Medicaid benefits for February and March, 1997. During these two months, petitioner owned a bank account with a balance of $21,664.20, which exceeded the ceiling on assets which is a precondition to eligibility for benefits. Appellant’s contention is that there were outstanding bills during those months which should have been taken into account in determining her assets. However, the applicable rules do not take such a “net worth” approach to eligibility limits. Sections 65A-1.712(1) and 65A-1.716(1) of the Florida Administrative Code speak of eligibility criteria in terms of “resources;” section 65A-1.701(26) defines “resources” as being “synonymous with assets.” See *562 20 CFR §§ 416.120(c)(3), 416.1201(a). Florida Administrative Code Rule 65A-1.303(2) provides that any “individual who has the legal ability to dispose of an asset owns the asset.” Rule 65A-1.303(3) states that “[ajssets are considered available to an individual when the individual has unrestricted access to the funds.” Applying these definitions to this case leads to the conclusion that appellant had assets in excess of the program limits for the months in question.
We do not reach appellant’s remaining argument concerning “substantial hardship” or “principles of fairness,” since the record does not reflect that these arguments were raised in the proceedings below.
AFFIRMED.
GROSS, TAYLOR, JJ„ and SCHACK, LARRY, Associate Judge, concur.