IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

MILDRED V. WASKIEWICZ, AS
PERSONAL REPRESENTATIVE
OF THE ESTATE OF M.V.K.,

      Appellant,

v.

                              Case No.  5D21-2949
                              LT Case Nos. 1658309308
                                        21F-02302

DEPARTMENT OF CHILDREN
AND FAMILIES,

      Appellee.
_____/

Opinion filed May 19, 2023

Administrative Appeal from the Department of Children and Families Office of Appeal Hearings.

Jeffrey W. Gibson and Zoila Lahera, of Macfarlane, Ferguson & McMullen, Tampa, and Jack M. Rosenkranz, of Rosenkranz Law Firm, Tampa, for Appellant.

Jennifer L. Ware, Assistant Regional Counsel, of Department of Children and Families, Deland, for Appellee.

SOUD, J.

Appellant Mildred V. Waskiewicz, as personal representative of her mother M.V.K's estate, seeks review of the Department of Children and Families' denial of her administrative appeal of DCF's action denying her mother's application for Institutional Care Program (ICP) Medicaid benefits for the period from January to April, 2021. We have jurisdiction. *See* Art. V, § 4(b)(2), Fla. Const.; Fla. R. App. P. 9.030(b)(1)(C); § 120.68(2)(a), Fla. Stat. (2021).

At the heart of this appeal is Appellant's claim that DCF wrongly determined $32,908 in her mother's "VA fiduciary account"[1] was an available asset for the purpose of her mother's application for ICP benefits. Appellant argues that these funds, $30,000 of which were transferred from M.V.K.'s personal checking account into the VA fiduciary account, were being held in the VA fiduciary account for anticipated repayment to the Department of Veteran Affairs (VA) for the VA's erroneous overpayment of benefits for which M.V.K. was otherwise eligible. In light of this calculation, DCF concluded M.V.K. was not eligible for ICP benefits for January to April, 2021.

---

[1] M.V.K.'s VA benefits would be deposited each month directly into the VA fiduciary account. M.V.K.'s monthly income from social security and the Florida Retirement System also flowed from her checking account into this VA fiduciary account. The expenses associated with M.V.K.'s living at the Lexington Place Assisted Living Facility were paid directly from the VA fiduciary account.

The parties do not dispute that Appellant, on behalf of her mother, owed the VA for overpayment (which was repaid in full from the VA fiduciary account on May 11, 2021).[2] Of critical importance, there were no legal restrictions placed on the VA fiduciary account. Further, the record before us does not reveal any effort by the VA to exert control over the funds in the VA fiduciary account, and the VA described the overpayment as a debt and provided an array of options for payment from various sources, including payment over time.

As a result, DCF determined these funds were available for M.V.K.'s support and maintenance prior to May 2021 and that Appellant could have legally repaid the VA from any source. Since she was not legally prohibited from using the funds in the VA account for assisted living facility expenses, DCF simply viewed the VA debt as any other bill that would be due and owing.

Though Appellant's reservation of the funds to repay the VA, as her mother's fiduciary, was proper (and even commendable), we must conclude under Florida law that DCF correctly determined the money at issue was

_____

[2] Similarly, the parties do not dispute that the funds in the VA fiduciary account were the reason the application for ICP benefits was denied for the months at issue.

available to Appellant's mother, in the absence of any legal restriction on the use of those funds.[3]

> Once the individual's ownership interest of an asset(s) is established, the availability of that asset must be determined. Asset(s) determined not to be available are not considered in determining eligibility. Assets are considered available to an individual when the individual has **unrestricted access to it. Accessibility depends on the legal structure of the account or property. An asset is countable, if the asset is available to a representative possessing the legal ability to make the asset available for another's support or maintenance, even though the representative chooses not to do so. Assets not available due to legal restrictions are not considered in determining total available assets** unless the legal restrictions were caused or requested by the individual or another acting at their request or on their behalf.

Fla. Admin. Code. R. 65A-1.303 (emphasis added). As such, DCF correctly denied her application for ICP benefits for the months at issue. *See Kirk v. Dep't of Child. & Fam. Servs.*, 737 So. 2d 561, 562 (Fla. 4th DCA 1999) (rejecting argument that DCF should have considered certain debts appellant owed when deciding eligibility for ICP benefits).

AFFIRMED.

It is so ordered.

---

[3] *Cf. Mason v. Dep't of HRS*, 614 So. 2d 1168 (Fla. 5th DCA 1993) (holding that settlement proceeds held in trust for the use and benefit of the injured minor child were not legally available assets for purposes of eligibility for the "Aid to Families With Dependent Children" assistance program).

WALLIS and HARRIS, JJ., concur.